March 15, 1905. The opinion of the Court was delivered by
This is an application to the Supreme Court, in the exercise of its original jurisdiction, for *Page 131 
a writ of mandamus, compelling the defendant to obey the order of the plaintiffs, requiring it to stop certain trains at its station in the town of Latta, S.C. for the accommodation of passengers. The following is a copy of the petition:
"I. That the said plaintiffs were at the time hereinafter stated, and still are, the qualified Railroad Commissioners of the State of South Carolina.
"II. That the Atlantic Coast Line Railroad Company was at the times hereinafter mentioned, and still is, a railroad corporation organized and existing under the laws of the State of South Carolina, and known by the name Atlantic Coast Line Railroad Company, and was the owner of and operating a certain railroad known as the Atlantic Coast Line Railroad, leading from the town of Wilson, through the town of Fayetteville, in the State of North Carolina, to Florence, in the State of South Carolina, and operating a branch line commonly known as the Latta Branch Railroad, leading from the town of Latta, in Marion County, on said railroad, to the town of Clio, in Marlboro, County, South Carolina, commonly known as the Latta Branch Railroad.
"III. That on June 7, 1904, certain citizens of the State of South Carolina, residing at Latta, and along the line of the said Latta Branch Railroad, filed a petition with the said plaintiffs, as Railroad Commissioners of the State of South Carolina, that the Atlantic Coast Line Railroad Company was furnishing insufficient accommodations for passengers traveling on said railroad, and asking that the said railroad company be compelled to stop its passenger trains Numbers 32 and 35, at its station in the town of Latta when flagged for the purpose of receiving and delivering passengers at said station.
"IV. That thereafter, on July 29, 1904, the said Railroad Commissioners of the State of South Carolina, after investigating the facts stated in said petition, and after notice to and hearing the said above named defendant in reference to the facts of said petition, found as a matter of fact that *Page 132 
sufficient accommodations were not furnished the citizens along the said Latta Branch Railroad, and the town of Latta, by the Atlantic Coast Line Railroad Company at its station in Latta, South Carolina, and said Railroad Commissioners thereupon made an order that the said passenger trains, Numbers 32 and 35, operated by the said Atlantic Coast Line Railroad Company, should stop when flagged at the said station on and after April 1, 1904.
"V. That a copy of said order of the Railroad Commissioners was served upon the Atlantic Coast Line Railroad Company more than sixty days prior to the commencement of this action, but that the said railroad company had neglected and refused to comply with the said order to stop said trains at said station for the purpose of receiving and delivering passengers.
"VI. That on October 7, 1904, the said Railroad Commissioners of the State of South Carolina, requested the Attorney General of the State of South Carolina to commence this action on their behalf to compel the said railroad company to comply with said order, and to stop said trains, Numbers 32 and 35, on flag at the station in Latta for the purpose of receiving and discharging passengers on said trains."
The defendant demurred on several grounds, the first of which is as follows: "1. In that the Railroad Commission, plaintiff, is without power to make the order, the violation of which is alleged as a cause of action. Section 2067, Code of Laws, confers upon the Commissioners general supervision of all railroads in this State. Section 2069 is as follows: `Whenever, in the judgment of the Railroad Commissioners, it shall appear that repairs are necessary upon any such railroad, or that any addition to the rolling stock, or any enlargement of, or improvement in, the stations or station houses, or any modification in the rates of fare for transporting freight or passengers, or any change in the mode of operating the road and conducting its business, is reasonable and expedient in order to promote the *Page 133 
security, convenience and accommodation of the public, they shall give information, in writing, to the corporation of the improvements and changes which they adjudge to be proper; and if the said company shall fail, within sixty days, to adopt the suggestions of said Commissioners, they shall take such legal proceedings as they may deem expedient, and shall have authority to call upon the attorney general to institute and conduct such proceedings.'" Our construction of the statute is that it invests the Commissioners with power to determine the facts stated in their order, but they have no authority to enforce their decision.
Provision is made for the enforcement of their decisions in section 2119, Code of Laws, which is as follows: "If any railroad company shall neglect or refuse to comply with the provisions of this chapter or with the rules and regulations prescribed by said Commissioners within the limits of their authority, such company shall be subject to a writ of MANDAMUS, to be issued by any Justice of the Supreme Court, or Circuit Judge, upon application of the Commissioners, or a majority of them, to require compliance with said laws or said rules and regulations, and failure to comply with said writ of MANDAMUS shall be punishable as for contempt; and for any wailful violation of any of said laws, or failure to comply with the requirements of such rules or regulations, the Court may award such costs and counsel fees, on the return of said writs, and after due deliberation thereon, as may be just." It would have been useless to enact this section, unless the Commissioners are empowered to make a decision upon the matters mentioned in section 2069.
The defendant's attorneys in their argument contend, that the statute does not confer upon the Commissioners the power to direct in detail how, when, and in what manner it shall operate its trains. In this connection we will consider the ground of demurrer, numbered 5, which is as follows: "V. In that if it is within the power of the Railroad Commission to require defendant company to give greater conveniences *Page 134 
to a given locality, this power does not embrace the right of the Commission to regulate this convenience by a control of the operation of specified trains."
The legislature under the police power may require all
regular passenger trains, not engaged in interstate commerce, to stop at certain stations. Gladson v. Minnesota,166 U.S. 427. It, therefore, necessarily follows that it has the power to compel a less number and may specify the particular trains required to stop at a station. In the case last mentioned the Court says, page 430: "A railroad corporation created by a State is, for all purposes of local government, a domestic corporation, and its railroad within the State is a matter of domestic concern. Even when its road connects, as most railroads do, with railroads in other States, the State which created the corporation may make all needful regulations of a police character, for the government of the company, while operating its road in that jurisdiction. It may prescribe the location and the plan of construction of the road, the rate of speed at which trains shall run, and the places at which they shall stop, and may make any other reasonable regulations for their management, in order to secure the objects of the incorporation, and the safety, good order, convenience and comfort of the passengers and of the public. All such regulations are strictly within the police power of the State." See, also, R.R. Com. v. Minnesota,193 U.S. 53, and N.C. Com. v. R.R., 49 S.E., 191.
The second ground of demurrer is as follows: "II. In that the order of the Railroad Commission is not the result of a judicially determined fact, and the defendant, not having had its day in Court on the merits of said order, the enforcement of the order of the Railroad Commission deprives defendant of its property without due process of law, and violates the constitutional protection to which defendant is entitled under art. I., sec. 5, of the Constitution of the State of South Carolina, and under art. XIV., sec. 1, of the Constitution of the United States." The *Page 135 
facts were determined by a tribunal well recognized, and adopted, throughout the land. The defendant was notified, appeared, and contested the facts upon the merits.
In the case of L. N.R. Co. v. Schmidt, 177 U.S. 230,236, the Court uses this language: "It is no longer open to contention, that the due process clause of the Fourteenth Amendment to the Constitution of the United States does not control mere forms of procedure in State Courts, or regulate the practice therein. All its requirements are complied with, provided, in the proceedings which are claimed not to have been due process of law, the person condemned has had sufficient notice, and adequate opportunity has been afforded him to defend."
The third ground of demurrer is as follows: "III. In that the Court in which this action is brought is without jurisdiction to try the question before it by a proceeding in mandamus, because: (a) No statutory authority is given the Supreme Court to hear and determine the issue involved under sec. 2069 of the Code of Laws of South Carolina, of 1903, if the power of the Railroad Commission to pass the order in question under sec. 2069 be otherwise admitted. (b) The writ of mandamus is solely for the purpose of the enforcement of a plain ministerial duty, or that which is duly ascertained and determined in a court of competent jurisdiction, and cannot be used as an original proceeding to try and determine the question of right." The objection urged in subdivision "a" is untenable, for the reason that the jurisdiction of the Supreme Court is not involved, for the purpose of hearing and determining the issue, involved under sec. 2069, but to enforce the decision rendered by the Commissioners. Mandamus is not only the usual and proper method of obtaining enforcement of such decisions, but it is the remedy provided by sec. 2119, Code of Laws, 23 Enc. of Law, 662. This likewise disposes of subdivision "b." *Page 136 
The fourth ground of demurrer is as follows: "IV. In that the complaint alleges that the Railroad Commission has found as a matter of fact that sufficient accommodation was not furnished the citizens along the said Latta Branch Railroad, and in the town of Latta, by the Atlantic Coast Line Railroad Company at its station in Latta, South Carolina (the same not being a judicially determined fact), and the complaint nowhere states as a fact that said accommodations do not exist, which is a fact for judicial determination." We have already shown that the Commissioners were empowered to determine the facts set forth in their order.
It is the judgment of this Court, that the demurrer be overruled, but with leave to the defendant to file a return to the rule to show cause, within twenty days after notice of the filing of this opinion.