SEABOARD AIR LINE RAILWAY COMPANY *v.*
RAILROAD COMMISSION OF GEORGIA.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE
FIFTH CIRCUIT.

No. 170.   Argued January 13, 14, 1916.—Decided February 21, 1916.

It is within the power of a State, acting through an administrative
    board, to require railroad companies to make physical track connec-
    tions where public necessity exists therefor.
In determining whether such public necessity exists, just regard should
    be given on the one side to probably resulting advantages, and, on
    the other side, to the necessary expenses to be incurred.
A finding of public necessity for a physical track connection cannot
    be supported by the mere declaration of the commission; there must
    be sufficient evidence to support it.
In this case, *held* that the finding of the Railroad Commission of
    Georgia that public necessity existed for a physical connection of
    tracks of two railroads at a point in the State, was, as held by both
    courts below, supported by the evidence, and the order of the Com-

mission made pursuant to power conferred by § 2664, Georgia Code, was fully justified.

213 Fed. Rep. 27, affirmed.

THE facts, which involve the validity of an order requiring switch connections made by the Railroad Commission of Georgia, are stated in the opinion.

*Mr. Edgar Watkins* and *Mr. W. G. Loving*, with whom *Mr. W. Carroll Latimer* was on the brief, for appellant:

The physical connection sought would accommodate a terminal service only and its principal purpose is the accommodation of interstate transportation by furnishing a terminal service therefor.

Neither the practicability nor reasonableness of the physical connection adopted by the trial court was ever considered or determined by the Commission.

The order takes property of appellant without compensation and for the benefit of its competitor and a few individuals and is arbitrary, unreasonable and without substantial evidence to support it.

The connection which met the approval of the trial judge was never considered by the Commission, and appellant had no hearing as to its practicability or reasonableness.

Congress having acted upon the subject-matter, the state Railroad Commission had no jurisdiction to order the physical connection.

The order serves no public purpose and takes the property of appellant without compensation and for the benefit of private persons.

In support of these contentions, see *Atlantic Coast Line* v. *North Car. Com.,* 206 U. S. 1; *Blakely So. Ry.* v. *Atlantic Coast Line,* 26 I. C. C. 344, 350; *Central Stock Yards* v. *Louis. & Nash. R. R.,* 192 U. S. 568; *Chicago, &c. Ry.* v. *Hardwick Elevator Co.,* 226 U. S. 425; *Cole* v.

*Cent. R. R.*, 86 Georgia, 251; Georgia Statutes for Switch and Physical Connections; *Int. Com. Comm.* v. *Atchison &c. Ry.*, 234 U. S. 294; *Ill. Cent. R. R.* v. *La. R. R. Com.*, 236 U. S. 157; *Louis. & Nash. R. R.* v. *Higdon*, 234 U. S. 592; *Louis. & Nash. R. R.* v. *Finn*, 235 U. S. 601; *McNeil* v. *Southern Ry.*, 202 U. S. 543; *Mo. Pac. Ry.* v. *Nebraska*, 217 U. S. 196; *Oregon R. & N. Co.* v. *Fairchild*, 224 U. S. 510; *Ga. Railway Com.* v. *Louis. & Nash. R. R.*, 140 Georgia, 817; *St. Louis, I. M. & S. Ry.* v. *Edwards*, 227 U. S. 265; *St. Louis S. & P. R.* v. *Peoria &c. Ry.*, 26 I. C. C. Rep. 226; *Southern Ry.* v. *Reid*, 222 U. S. 424; *State* v. *Wrightsville &c. R. R.*, 104 Georgia, 437; *Tex. & Pac. Ry.* v. *Abilene Oil Co.*, 204 U. S. 426; *United States* v. *Union Stock Yards*, 226 U. S. 286; *Wadley So. Ry.* v. *State*, 137 Georgia, 497; *S. C.*, 235 U. S. 651; *Wisconsin &c. R. R.* v. *Jacobson*, 179 U. S. 287.

*Mr. James K. Hines* for appellee.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

After hearing the interested parties, the Railroad Commission of Georgia concluded that making and maintaining physical connection at Lawrenceville, Georgia (a manufacturing town with two thousand inhabitants), between Lawrenceville Branch Railroad and Seaboard Air Line Railway would be practicable and to the public interest; and accordingly passed an order that within four months the roads should provide and maintain one, together with sufficient interchange tracks to care for traffic moving between them. No definite point for the connection was prescribed; opinion was expressed that expenses should be borne equally by the two companies; and they were directed to report their action within thirty days.

Appellant brought this proceeding in the United States District Court, Northern District of Georgia, alleging the order was null and void and asking that its enforcement be enjoined. That court heard additional evidence and upon the whole record concluded the challenged order was not unreasonable and the commission was fully justified in making it. 206 Fed. Rep. 181. Injunction was accordingly denied and suit dismissed, and this action was affirmed by the Circuit Court of Appeals. 213 Fed. Rep. 27.

Section 2664, Georgia Code, 1910, gives the railroad commission "power and authority, when in its judgment practicable and to the interest of the public, to order and compel the making and operation of physical connection between lines of railroad crossing or intersecting each other, on entering the same incorporated town or city in this State." *Wadley Southern Ry.* v. *Georgia,* 235 U. S. 651.

It is within the power of a State, acting through an administrative body, to require railroad companies to make track connections where the established facts show public necessity therefor, just regard being given to advantages which will probably result on one side and necessary expenses to be incurred on the other. The facts being established, the question then presented is whether as matter of law there is sufficient evidence to support a finding of public necessity—the mere declaration of a commission is not conclusive. *Wisconsin &c. R. R.* v. *Jacobson,* 179 U. S. 287, 295, 296; *Oregon R. R. & Nav. Co.* v. *Fairchild,* 224 U. S. 510; *Great Northern Ry.* v. *Minnesota,* 238 U. S. 340, 345.

The state commission and both courts were of opinion that the facts sufficed to show public necessity for the connection in question and that it could be constructed and maintained without unreasonable expenditure. The only substantial question before us is whether such find-

ing is plainly erroneous because the evidence is insufficient to support it; and, having examined the record, we are unable to say the facts disclosed do not give the essential support. The judgment of the court below is accordingly

*Affirmed.*