No. 20,557.

MARION A. TATLOW, *Appellee,* v. W. E. BACON et al. (BERT RUCKER, *Appellant*).

SYLLABUS BY THE COURT.

1. EXECUTION AGAINST THE PERSON — *Fraud — Statute Constitutional.* The statutory provision that an execution may issue against the person of a debtor for certain fraudulent acts is not violative of section 16 of the bill of rights, which prohibits imprisonment for debt except in cases of fraud, nor of the limitation against cruel and unusual punishment.

2. SAME. The act does not conflict with the fourteenth amendment of the federal constitution.

3. SAME—*Debtor Entitled to Hearing—Notice—Implication of Statute.* As the statute provides that before issuing an execution the court or judge must be satisfied from evidence produced that the statutory grounds upon which it may issue exist, it is obvious that the legislature contemplated that a hearing should be had and that notice of the hearing should be given to the debtor.

4. SAME—*Notice of Hearing Implied.* The rule applied that a statutory provision for such notice and hearing need not be made in the statute in express words but may be implied.

5. SAME—*No Jury Demandable.* In such a proceeding a jury trial may not be demanded as a matter of right.

6. SAME—*Construction of Statute.* Where a statutory provision refers to a section of the statute by the wrong number and it is manifest from the context that another section was the one intended by the legislature, the wrong number will be disregarded and the correct one will be deemed to be substituted.

7. SAME—*Requisites of Affidavit.* In an affidavit made to obtain the issuance of an execution against the person, mere conclusions are not sufficient. The facts upon which the charges of fraud are based should be specifically stated.

8. SAME — *Facts Determined in Original Case — Conclusive Against Debtor.* Where the charges of fraud against the debtor were properly put in issue and determined in the original case, the facts so determined by the judgment are conclusive between the parties and are not open to relitigation in the subsequent proceeding to obtain an execution.

9. SAME — *Creditor's Choice of Remedies.* The proceeding herein is purely statutory, and when the creditor alleges and shows to the satisfaction of a court or judge that the debtor has committed the acts of fraud which under the statute constitute grounds for the issuance of an execution, he is entitled to his remedy although other remedies may be available.

10. Same—*Findings Sustained by Evidence.* The evidence examined and held to be sufficient to sustain the findings of the trial court.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed June 9, 1917. Affirmed.

*J. M. Stark, Joseph G. Waters,* and *John C. Waters,* all of Topeka, for the appellant.

*Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a proceeding in which an execution was issued against the person of Bert Rucker, a judgment debtor, and from the order he appeals.

In an action brought by Marion A. Tatlow against W. E. Bacon and Bert Rucker it was found and adjudged that they had conspired together to defraud plaintiff Tatlow of his land by inducing him to exchange it for a worthless deed, and that judgment was affirmed in this court. (*Tatlow v. Bacon,* 95 Kan. 695, 149 Pac. 745.) The plaintiff then filed an application accompanied by an affidavit setting forth that Rucker had fraudulently contracted the debt and incurred the obligation on which the judgment was rendered, and stating the manner in which the fraud was accomplished; also, that since the rendition of the judgment he had assigned and disposed of his property with the intention to defraud his creditors and prevent such property from being taken on execution; and also that he fraudulently concealed his property with the intention to prevent the collection of money due on the judgment. After notice and a hearing in which the defendant participated the order issuing the execution was made.

There is complaint that the affidavit upon which the application for the execution was based was insufficient. It set forth in detail the fraudulent purpose and acts upon which the judgment rested, and made the evidence and proceedings in the main case a part of the application for the issuance of the execution. The conspiracy and fraud by which the defendant was induced to exchange his land for a worthless instrument having been adjudicated, were no longer open to inquiry. This part

of the affidavit was specific and of itself sufficient to warrant the issuance of the execution against the person of the defendant. The statements that the defendants had fraudulently concealed their property to prevent the collection of the judgment and had assigned and disposed of it to prevent it being taken on execution were general in character, and did not specifically set forth the facts upon which the charges were based. In this respect the affidavit was defective. The facts relied on as fraudulent should have been specifically stated in the affidavit. (*Gillett v. Thiebold,* 9 Kan. 427; *Bryan v. Congdon,* 54 Kan. 109, 37 Pac. 1009.) However, the facts relating to the manner in which the defendant fraudulently incurred the obligation were specifically and fully stated, and this afforded a sufficient basis for the proceeding.

It is contended that the statute under which the proceeding was had is unconstitutional in that it does not provide for a notice to the debtor of a hearing, nor in fact for any hearing before the execution is issued. The statute pertinent to the question reads:

"An execution against the person of the debtor, except as prescribed in section 511, can be issued only when the same is allowed by the supreme court, the district court, or any judge of either, upon being satisfied, by the affidavit of the judgment creditor or his attorney, and such other evidence as may be presented, of the existence of one or more of the particulars mentioned in section 522." (Civ. Code, § 509, Gen. Stat. 1915, § 7413.)

According to this provision a judicial hearing is contemplated, as the execution against the person can not issue until a court or judge thereof shall determine upon evidence that the statutory grounds for such an order exist. It is not issued as a matter of course upon an application, but before making such order the supreme court or the district court or a judge of either must be satisfied by the evidence presented in support of the application. The requirement that evidence shall be presented to the satisfaction of a court or judge clearly implies a hearing, and other provisions of the code require notice of applications for an order of this kind. (Civ. Code, §§ 556-560, Gen. Stat. 1915, §§ 7460-7464.) It has already been determined that a statute is not invalid merely by reason of the fact that it does not expressly provide for notice and hearing.

It may be implied by the courts unless the language of the statute excludes the theory that notice and hearing are necessary. (*Gilmore, County Clerk, v. Hentig,* 33 Kan. 156, 5 Pac. 781; *Railroad Co. v. Abilene,* 78 Kan. 820, 98 Pac. 224.)

In the Abilene case it was said:

"Provision for notice and hearing need not be made in the statute by express words. It may be implied. In reality the courts simply read the provision into the statute in order to uphold taxation schemes against the fourteenth amendment to the constitution of the United States, which forbids any state to deprive any person of property without due process of law. This was done in the case of *Gilmore, County Clerk, v. Hentig,* 33 Kan. 156, 5 Pac. 781. But the statute must be one which will allow notice and a hearing to be interpolated. If it arbitrarily fixes the steps to be taken in a manner indicating that notice and a hearing upon some subject like benefits are excluded, it must be judged accordingly." (p. 827.)

Here the statute is not only open to an interpolation of notice and hearing, but its own language carries the plain implication that a hearing is to be had, and the code provision relating to notices applies to a proceeding like the one in question the same as it does to provisions for numerous other orders where there is no special mention that notices are to be given. In this case notice was given, and a protracted hearing was had in which the defendant participated.

It is contended that the statute is invalid because it permits imprisonment for debt contrary to the provisions of the state constitution. While the bill of rights, section 16 (Gen. Stat. 1915, § 120), provides that there may be no imprisonment for debt except for fraud, it in effect authorizes imprisonment in cases where there is fraud; and as the statute enacted under that provision expressly authorizes imprisonment for fraud the objection must be overruled. (*In re Heath, Petitioner,* 40 Kan. 333, 19 Pac. 926.)

The defendant argues that the summary proceeding under the statute was not due process of law, and conflicts with the fourteenth amendment of the federal constitution. It had been determined in the original case, which was tried by the jury, that the defendant was guilty of fraud. The fact having been properly put in issue and determined by a final judgment in the original action between the parties, it became a fixed fact which was not open to relitigation. (*Hentig v. Redden,* 46 Kan. 231, 26 Pac. 701; *C. K. & W. Rld. Co. v. Comm'rs of*

*Anderson Co.,* 47 Kan. 766, 29 Pac. 96; *Sanford v. Oberlin College,* 50 Kan. 342, 31 Pac. 1089.) Proof of the adjudication was sufficient proof of the facts included in the judgment, but of course it is not conclusive as to facts occurring since the judgment was rendered.

*Greenwell v. Moffett,* 77 Kan. 41, 93 Pac. 609, is somewhat analogous to the present case. In a foreclosure proceeding an issue was adjudicated, and afterwards, upon a motion to set aside a sheriff's sale made under the judgment, the losing party sought to litigate the same issue, and it was held that, the fact having been tried and determined in the original action, the adjudication was conclusive as between the parties.

In proceedings of this kind it is competent for the legislature to prescribe what the procedure shall be and what evidence shall be received so long as they do not conflict with some provision of the state or federal constitution. (McGehee, Due Process of Law, p. 162; 2 Willoughby on the Constitution, § 462.) It is insisted by the defendant that the statute is bad for the reasons stated and also because it imposes cruel and unusual punishment. It has been held in many cases that such statutes are not violative of the provision prohibiting deprivation of liberty without due process of law or the one forbidding cruel and unusual punishment. (*Light v. Canadian County Bank,* 2 Okla. 543; 5 C. J. 438.)

A complaint is made that a jury trial was not awarded in the proceeding. No application for a jury trial was made, and perhaps it was for the reason that a jury trial could not have been demanded as a matter of right. The constitutional guaranty that "the right of trial by jury shall be inviolate" (Bill of Rights, § 5, Gen. Stat. 1915, § 109,) has no application to proceedings of this character and does not extend beyond cases where such right existed at the common law, but only applies to cases that were triable by jury before the constitution was adopted. (*Kimball and others v. Connor, Starks and others,* 3 Kan. 414; *The State v. Cutler,* 13 Kan. 131; *In re Burrows, Petitioner,* 33 Kan. 675, 7 Pac. 148; *The State, ex rel., v. Durein,* 46 Kan. 695, 27 Pac. 148; *Swarz v. Ramala,* 63 Kan. 633, 66 Pac. 649; *Ex parte Wall,* 107 U. S. 265.)

It is further contended that the statute is not enforceable against the defendant because of ambiguity. In section 509 of the civil code it is provided that an execution may issue

when evidence is offered showing the existence of one or more of the particulars or grounds mentioned in section 522 of the code. The latter section, however, does not mention any particulars upon which an execution might be based, nor has it any application to executions against the persons of debtors. It is an obvious mistake, as the preceding section, 508, is the one which does prescribe the particulars or grounds which must be shown to exist before the execution shall issue. In the earlier compilations of the statutes the preceding section is correctly named (Gen. Stat. 1868, ch. 80, § 507; Gen. Stat. 1901, § 4984), but wrong numbers were mistakenly used in printing the revised code of 1909. It is manifest from a reading of all the provisions that one number was erroneously used for another, and there is no difficulty in ascertaining the number which the legislature intended to use.

The rule was well stated in *Coney v. City of Topeka,* 96 Kan. 46, 149 Pac. 689, where it was said:

"It is familiar law that legislative enactments are not any more than any other documents to be defeated on account of errors, mistakes or omissions. Where one word or figure has been erroneously used for another or a word omitted, and the context affords the means of correction, the proper word or figure will be deemed substituted or supplied. This is only making the naked letter of the statute yield to its obvious intent." (p. 49.)

(See, also, *The State v. Knoll,* 69 Kan. 767, 77 Pac. 580; *Reese v. Hammond,* 94 Kan. 459, 146 Pac. 997.)

Another contention is that the plaintiff should have resorted to the supersedeas bond before obtaining an execution against the person of the defendant. The proceeding is a statutory one and the conditions upon which the execution may be issued have been definitely prescribed. When these conditions are shown to exist the creditor is entitled to the remedy, although other remedies may be available. Under the statute it is not necessary to allege or prove that no recovery can be had under a supersedeas bond nor that all other remedies have been exhausted. The court would not be warranted in adding to the requirements upon any ground, not even because the proceeding involved the imprisonment of the debtor.

The evidence appears to be sufficient to establish the fraud of the defendant, and upon an examination of the proceedings and the objections of the defendant we find no ground for reversal. The judgment is affirmed.