## 11632

### SHEALY *ET AL.,* RAILROAD COMMISSION OF S. C. v. SEABOARD AIR LINE RY. CO.

(126 S. E., 622)

1. RAILROADS—STATE MAY COMPEL ROADS TO CONNECT LINES.—Where public interests require that railroad lines be connected in order that service be more efficient and advantageous to the public, the State, in the exercise of the police power, may compel the roads to connect their lines.

2. RAILROADS—STATUTE EMPOWERING RAILROAD COMMISSION TO REQUIRE CONNECTING TRACK HELD VALID EXERCISE OF POLICE POWER.—Civ. Code, 1922, § 4878, empowering Railroad Commission to require railroads to build connecting track where public interests require, *held* valid exercise of police power.

3. CONSTITUTIONAL LAW—RAILROAD COMMISSION CANNOT ORDER CONNECTING TRACK WITHOUT HEARING.—Railroad Commission cannot require railroads to build connecting track, under Civ. Code, 1922, § 4878, unless it is established at a hearing, at which the railroads are given an opportunity to be heard, that the connection is necessary for the public good, and that the amount of expenditure will not be confiscatory, since otherwise the order would constitute the taking of private property without due process, in violation of Const. U. S. Amend. 14.

---

Note: On power of State to require interstate carrier to make track connections with other roads, see note in 22 A. L. R., 1078.

4. Constitutional Law—Legislature May Specify Time of Hearing and Manner of Bringing Party Before Tribunal.—A party may not be deprived of his property without a judicial hearing, but the stage of the proceedings at which such hearing shall take place, and the manner in which the cause of a party shall be brought before the judicial tribunal, provided it is not an unreasonable, inconvenient, and embarrassing one, are questions for the Legislature.

5. Constitutional Law—"Due Process of Law" Afforded by Hearing Before Final Judgment.—"Due process of law" is afforded litigants given opportunity to be heard at any time before entry of final judgment.

6. Statutes—Construed According to Legislative Intent.—Statute must be construed according to legislative intent.

7. Statutes—Every Possible Effect That Can be Given to Every Part of Statute Must be Accorded it.—Every possible effect that can be given to every section, clause, word, or part of the Act must be accorded it.

8. Statutes—Office of "Proviso" Stated.—The office of a "proviso" is either to except something from the enacting clause or to qualify or restrain its generality, or to exclude some ground of misinterpretation of it.

9. Statutes—Statute and Proviso Construed Together.—Main provision and proviso are to be read together with a view to carry into effect the whole purpose of the law.

10. Constitutional Law—Statute Providing for Connecting Railroad Tracks Held Not Violative of Due Process Clause.—Civ. Code, 1922, § 4878, requiring two or more railroads passing through city to build connecting tracks, and empowering Railroad Commissioners to determine proportionate cost, and giving to one railroad the right to relieve itself from penalty imposed for failure to build connecting tracks within six months, by proceeding with construction after notice to other railroads, with right to recover from others proportionate cost, *held* not violative of due process clause, Const. U. S., Amend. 14.

11. Constitutional Law—Statute Empowering Railroad Commission to Fix Proportion of Cost of Connecting Tracks Without Expressly Providing for Notice, Held Not Violative of Due Process Clause.—Civ. Code, 1922, § 4878, empowering Railroad Commission to require railroads passing through city to build connecting track, cost to be borne in proportion fixed by the Commission without expressly providing that notice of hearing be given to railroads, *held* not violative of due process clause, Const. U. S., Amend. 14, in view of Const. S. C., 1895, Art. 9, § 14, providing for notice of hearing.

12. Commerce—State Statute Providing for Construction by Railroads of Connecting Line Held Not Violative of Federal Transportation Act.—Civ. Code, 1922, § 4878, providing for construction of connecting track by railroads passing through city, and empowering Railroad Commissioners to fix the proportion of the cost to be paid by the different railroads, *held* not violative of the Federal Transportation Act (U. S. Comp. St. Ann. Supp. 1923, § 10071¼ *et seq.*), or amendments thereto.

Mandamus by Frank W. Shealy and others, composing the Railroad Commission of South Carolina, against the Seaboard Air Line Railway Company and another. Writ issued.

The petition, order, and return, referred to in the opinion, follow:

The petition of your petitioners above named respectfully shows to the Court:

I. That the petitioners were at the times hereinafter stated, and are now, the duly elected and qualified Railroad Commission of the State of South Carolina, except at the time the order hereinafter referred to was passed Hon. R. J. Wade was a member of the said Commission, he having been succeeded by Hon. S. C. Blease on the —————— day of March, 1924.

II. That the respondents, Seaboard Air Line Railway Company and Atlantic Coast Line Railroad Company, were at the times hereinafter mentioned, and are now, now railway corporations organized and existing under the laws of certain States of the United States of America, and were and are now operating their lines of railway as common carriers by and through the town of Mullins, S. C., each of said railroads maintaining a separate station in said town for the receipt and discharge of passengers and freight.

III. That upon complaint being made to the petitioners composing the Railroad Commission of the State of South Carolina that the facilities of the respondents, Seaboard Air Line Railway Company and Atlantic Coast Line Railroad Company, at Mullins, S. C., were inadequate and unsuitable

to meet the needs and the convenience of the public and of those shipping and receiving freight over the lines of railway of the respondents, and that an interchange track should be established between the roads operated by respondents, the said Railroad Commission, after notice ·to respondents, Seaboard Air Line Railway Company and Atlantic Coast Line Railroad Company, held a hearing on January 30, 1924, at which the public and the respondents herein were represented.

IV. That on February 23, ⁕1924, the petitioners composing the Railroad Commission of the State of South Carolina, after a full and fair hearing and consideration of the facts in the case, issued their order No. 276, requiring that the Atlantic Coast Line Railroad Company and the Seaboard Air Line Railway Company construct and maintain a connecting track between their lines at Mullins, S. C., as is required by law, a copy of said order No. 276 being hereto attached, marked Exhibit A, and made a part of this petition.

V. That a copy of the said order No. 276, issued by this Commission of February 23, 1924, was served upon the respondents herein, but the said respondents refuse to obey said order, although the time fixed therein for work to begin, and full compliance, has expired.

VI. That on May 5, 1924, the petitioners, composing the Railroad Commission of the State of South Carolina, requested the Attorney General of the State of South Carolina to commence this action on its behalf to compel the said respondents, the said Seaboard Air Line Railway Company and Atlantic Coast Line Railroad Company, to comply with their said order No. 276.

Wherefore your petitioners pray that a writ of mandamus be issued by this honorable Court, compelling the respondents, Seaboard Air Line Railway Company and Atlantic Coast Line Railroad Company, corporations, to

comply with the terms of said order No. 276 of petitioners herein, composing the Railroad Commission of the State of South Carolina, and for such other and further relief as may be just and equitable.

Respectfully submitted, Samuel M. Wolfe, Attorney General, Jno. M. Daniel, Assistant Attorney General, Attorneys for Petitioners.    State of South Carolina, County of Richland.

Personally appeared before me, Frank W. Shealy, who, being duly sworn, says that he is a member of the Railroad Commission of the State of South Carolina, the petitioners herein, that he has read the foregoing petition, and that the matters and things therein stated are true of his own knowledge.

Frank W. Shealy

Sworn to before me this 21st day of May, A. D. 1924.

J. P. Darby,

Notary Public for S. C.

Exhibit A.

February 23, 1924.

Order No. 276.

*In re* Interchange Track Between Seaboard Air Line Ry. and Atlantic Coast Line R. R. at Mullins, S. C.

Seaboard Air Line Railway Company:

Atlantic Coast Line Railroad Company:

This matter first came before the Railroad Commission of South Carolina in May, 1923.   Considerable correspondence and several conferences have been had in connection with same, and on January 30, 1924, a hearing was held in the office of the Commission and all testimony was taken that was possible to obtain at that time.   The town of Mullins, S. C., was represented by R. D. Christman, Secretary Mullins, Chamber of Commerce; the Atlantic Coast Line Railroad Co. was represented by W. H. Newell, General Superintendent, and W. H. Newell, Jr., Superintendent;

the Seaboard Air Line Ry. Co. was represented by W. L. Stanley, Vice President.

After going into this matter a majority of the Commission reached the conclusion that the law of South Carolina in regard to these facilities was mandatory unless the Commission found that such facilities were unnecessary. Therefore the Commission issues the following order:

It is ordered that the Atlantic Coast Line Railroad Company and the Seaboard Air Line Railway Company construct and maintain a connecting track between their lines at Mullins, S. C., as required by law.

It is further ordered that this work commence within 60 days from date hereof and be completed as rapidly as is possible.

This order to remain in effect until the further orders of this Commission.

By order of the Commission.

[Signed]    Frank W. Shealy, Chairman.
[Signed]         J. P. Darby, Secretary.

Return of Respondent Seaboard Air Line Railway Company to Petition for Mandamus.

Comes now the respondent Seaboard Air Line Railway Company, a corporation, and for answer to the petition for mandamus heretofore filed in this cause, and by way of return to the rule issued thereon by Hon. T. B. Fraser, Associate Justice, respectfully says:

I. Admits the allegations of Paragraph I of said petition.

II. Admits the allegations of Paragraph II of said petition in so far as they relate to this respondent.

III. Admits the allegations of Paragraph III of said petition in so far as they relate to this respondent.

IV. This respondent admits that on February 23, 1924, the petitioners, after a hearing, issued their order No. 276, as alleged in Paragraph IV of said petition, but denies that the connecting track therein ordered to be constructed and

maintained is required by law, and alleges that at such hearing no reasonable public demand or necessity was shown requiring respondents to construct or maintain said connecting track.

V. This respondent admits the allegations of Paragraph V of said petition, in so far as they relate to this respondent and craves reference to the other allegations of this return and answer showing that respondent's refusal is lawful.

VI. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph VI of said petition, and therefore denies the same.

VII. Upon information and belief denies all allegations of said petition not herein specifically admitted.

VIII. This respondent further avers that the evidence introduced at the hearing held by the petitioners as alleged in Paragraph IV of said petition failed to establish any public necessity for the construction and operation of the connecting track required by order No. 276 issued by said petitioners, but, on the contrary, showed, and this respondent avers that such construction and operation would be unreasonable and unnecessary, and that the facilities of this respondent and of other carriers are sufficient to afford proper and reasonable transportation service to the shippers and community which would be served by the connecting track ordered to be constructed, and in that the revenue to be derived from the operation of such connecting track would be grossly inadequate to compensate this respondent for the cost of its construction.

IX. Further answering, this respondent avers that it is a common carrier by railroad, engaged in the transportation of persons and property in interstate commerce, and, as such, is subject to the Act of Congress approved February 4, 1887, entitled "An Act to regulate commerce" as amended, hereinafter referred to as the Interstate Commerce Act; that Paragraphs 10, 11, and 14 of Section 1 of said Inter-

state Commerce Act require every common carrier subject thereto to furnish safe and adequate car service, defining "car service" to include the use, control, supply, movement, distribution, exchange, interchange, and return of locomotives, cars, and other vehicles used in the transportation of property, and authorize the Interstate Commerce Commission to prescribe reasonable rules, regulations and practices with respect to such car service.

That Paragraph 4 of Section 1 of said Interstate Commerce Act requires every common carrier subject thereto to establish through routes, and reasonable facilities for operating through routes.

That under the provisions of Paragraph 18 of Section 1 of said Interstate Commerce Act every common carrier subject thereto is prohibited from undertaking any extension of its line, or construction of a new line, unless and until it has obtained from the Interstate Commerce Commission a certificate that the present or future public convenience and necessity require the construction and operation of such additional or extended line.

That Paragraph 21 of Section 1 of said Interstate Commerce Act authorizes the Interstate Commerce Commission to permit or require by order any carrier by railroad subject to said act to provide itself with safe and adequate facilities for performing, as a common carrier, its car service as thereinbefore defined; and to extend its line or lines, prohibiting such authorization or order, however, unless said Commission finds that the proposed extension is reasonably required in the interest of public convenience and necessity, or that the expense involved in such proposed extension or facilities will not impair the ability of the carrier to perform its duty to the public.

That Section 15a of said Interstate Commerce Act requires the Interstate Commerce Commission to initiate, modify, establish, or adjust rates so that carriers subject to

said act as a whole (or as a whole in rate groups designated by the Commission) will, under honest, efficient, and economical management, and reasonable expenditures for maintenance of way, structures and equipment, earn an aggregate annual net railway operating income equal, as nearly as may be, to a fair return upon the aggregate value of the railway property of such carriers held for and used in the service of transportation.

That, under the provisions of Section 20a of said Interstate Commerce Act, it is unlawful for any carrier subject thereto to issue any share of capital stock, or any bond or other evidence of interest in or indebtedness of the carrier, unless and until, upon application by the carrier and after investigation by said Commission, it authorizes such issue. Wherefore the premises considered, this respondent avers that for the reasons set forth in Paragraph VII of this answer the order of the petitioners referred to in Paragraph IV of the petition is confiscatory, and deprives this respondent of its property without due process of law in violation of Article 1, Section 5, of the Constitution of the State of South Carolina, and the Fourteenth Amendment of the Constitution of the United States.

This respondent further says that under the provisions of the Interstate Commerce Act, set forth in Paragraph VIII of this answer, the Interstate Commerce Commission is vested with exclusive authority to require the construction, operation, and maintenance of a connecting track between two lines of railroad subject to the Interstate Commerce Act, and that the order of the petitioners herein is accordingly null, void, and without legal effect. Wherefore this respondent prays that the petition be denied and this respondent dismissed from further answering, with its costs herein sustained.

J. B. S. Lyles, Attorney for the Respondent, Seaboard Air Line Railway Company.

State of South Carolina, Richland County

Personally appears C. N. English, who, on oath, says that he is an officer of the Seaboard Air Line Railway Company and makes this verification on its behalf; that he has read the foregoing return and answer and that the allegations thereof are true of his own knowledge except as to those made on information and belief, and, as to those, that he believes them to be true.                    C. N. English.

Sworn to before me this 12th day of June 1924.

Susan M. Monroe,
[L. S.]   Notary Public for South Carolina

*Messrs Samuel M. Wolfe, Attorney General* and *John M. Daniel, Assistant Attorney General,* for the petitioners, cite: *Mandatory upon respondents to construct connecting line:* Code 1922, Vol. 3, Sec. 4878. *Mandamus is proper means to enforce an order of the Railroad Commission:* Code 1922, Vol. 3, Sec. 4888; 71 S. C., 133. *Act does not constitute taking of property without due process of law in violation of Art. V. Amendment to Const. U. S.:* 71 S. C., 130; 74 S. C., 85; 200 U. S., 561; U. S. Sup. Ct. No. 187 decided May 5, 1924; 193 U. S., 53; No. 13 U. S. Sup. Ct. Adv. Op., 458-9.

*Mr. J. B. S. Lyles,* for respondent, cites: *Order cannot be enforced because there has been no judicial determination of the question whether the connecting line is reasonably necessary:* 33 L. Ed., 970; 45 L. Ed., 194; 54 L. Ed., 727; 56 L. Ed., 863; 61 L. Ed., 1216; 48 L. Ed., 614; 68 L. Ed., 501; 120 S. E., 561. *State Commission without jurisdiction:* Interstate Conmerce Act as amended in 1920. 135 N. E., 195; 87 So., 773; 66 L. Ed., 371; 68 L. Ed., 216; 68 L. Ed., 455.

December 31, 1924.

The opinion of the Court was delivered by Mr. Acting Associate Justice B. A. Morgan.

This is a petition for a writ of mandamus brought in the original jurisdiction of this Court under Section 4888, Vol. 3, Code of 1922, based upon an order issued by the Railroad Commission under Section 4878 of said Code, wherein said Commission required the defendant railroads to build a connecting track at the point where their respective roads cross each other at Mullins, S. C.; let the petition, return of the defendant Seaboard Air Line Railroad, and the order as passed by the Railroad Commission be reported. It appears from the case that the defendant Atlantic Coast Line Railroad made return that they were willing to comply with said order.

This case is submitted by consent order, upon the "pleadings and the record before the Railroad Commission, including the evidence taken by such Commission, the Court to give such effect to the evidence taken by the Commission as may be proper under law."

There are three questions involved in this appeal for determination: (1) Can the State, under its police power or proper legislation, compel railroad companies to build and maintain connecting tracks? (2) Is the statute under which the Railroad Commission brought this petition constitutional, or does it invade the jurisdiction of the Interstate Commerce Commission? (3) Has such showing, apart from the other two questions, been such as to warrant the issue of the order sought?

Where the public interest requires the lines to be connected, in order that the service rendered shall be more efficient and advantageous to the public and the patrons of the railroad, the State may compel the roads to connect their lines, where the public interests require. That is the basis for the exercise of such powers, and it follows that by some authoritative method, such conditions should be established as a fact, before the power is invoked. *Seaboard R. R. v. Commission,* 240 U. S., 324; 36 S. Ct., 260;

60 L. Ed., 669. *Mich. R. R. Co. v. Commission,* 236 U.
S. 615; 35 S. Ct., 422; 59 L. Ed., 750. *Wisconsin R. R.
Co. v. Jacobson,* 179 U. S., 287; 21 S. Ct., 115; 45 L. Ed.,
194. *Oregon R. R. Co. v. Fairchild,* 224 U. S., 510; 32
S. Ct., 535; 56 L. Ed., 863. *Grand Trunk R. R. Co. v.
Commission,* 231 U. S., 457; 34 S. Ct., 152; 58 L. Ed., 310.

As it has been seen that the State may enforce its powers
in such matters as are under consideration when the neces-
sity exists, it follows that such necessity must first be shown.
It is not enought to rely upon the implication in the statute,
for, were that true, then the presumption would attach to
every such crossroad without regard to the character of
service rendered the public or patrons of the railroads.   The
exercise of the police power proceeds upon the demand
arising out of necessity for the public good.   Railroad
Comm. Cases, 116 U. S. 307; 6 S. Ct., 334, 388, 1191; 29 L.
Ed., 636. *Chicago R. R. Co. v. Minn.,* 134 U. S., 418; 10
S. Ct., 462, 702; 33 L. Ed., 970. *Chicago R. R. Co. v.
Wellman,* 143 U. S., 339; 12 S. Ct., 400; 36 L. Ed., 176.
*Lake Shore R. R. Co. v. Smith,* 173 U. S., 684; 19 S. Ct.,
565; 43 L. Ed., 858.

In connection with the "public good" there must be con-
sidered the question of expense to the railroad.   This is
necessary in determining the question of the reasonableness
of the requirement.   *Oregon R. Co. v. Fairchild, supra.*

If the amount of expenditure should partake of the
character of confiscation and so claimed by the railroad,
provisions should be made for a hearing by some tribunal
with authority to determine questions of law and fact, other-
wise the taking would be without due process, and in conflict
with the Fourteenth Amendment.   *Ohio Valley Water Co.
v. Borough,* 253 U. S., 287; 40 S. Ct., 527; 64 L. Ed., 908.
*Oregon Co. v. Fairchild, supra.*

> A party must not be deprived of his property with-
> out a judicial hearing, but the stage of proceedings
> at which that hearing shall take place, and the man-

ner in which the cause of a party shall be brought before the judicial tribunal, provided it is not an unreasonable, inconvenient and embarrassing one, are within the legislative power. 6 R. C. L., 447, p. 452, citing *Flournoy v. Jeffersonville,* 17 Ind., 169; 79 Am. Dec. 468.

"Due process of law is afforded litigants if they have an opportunity to be heard at any time before final judgment is entered." 6 R. C. L., *supra,* citing *Wilson v. Standefer,* 184 U. S., 399; 22 S. Ct., 384; 46 L. Ed., 612.

"A hearing or an opportunity to be heard, prior to judgment, is absolutely essential." 6 R. C. L., *supra. State v. Billings,* 55 Minn., 467; 57 N. W., 206-794; 43 Am. St. Rep., 525.

One of the essential elements of due process of law is the opportunity to be heard. *Lent v. Tillson,* 140 U. S., 316; 11 S. Ct., 825; 35 L. Ed., 419. *Standard Oil Co. v. Missouri,* 224 U. S., 270; 32 S. Ct., 406; 56 L. Ed., 760, Ann. Cas., 1913D, 936.

A construction of the statute is necessary in order to ascertain whether or not it conforms to the foregoing requirements—and this must be done according to the legislative intent. *Lesesne v. Young,* 33 S. C., 543; 12 S. E., 414.

Every possible effect that can be given to every section, clause, word or part of the act, must be accorded it. This rule of law is so universal that authorities need not be cited to sustain it. Had the act in question conclusively and finally fixed the responsibility on the railroad companies, leaving no avenue of approach to a hearing, it would undoubtedly be null and void. *C. M. & St. Paul v. Minn.,* 134 U. S., 418; 10 S. Ct., 462, 702; 33 L. Ed., 970. *Missouri Pac. R. Co. v. Tucker,* 230 U. S., 340; 33 S. Ct., 961; 57 L. Ed., 1507. If the act in question had not included the proviso, again there is no doubt that a proper

construction would reveal the fact that there is a taking without a hearing.

"The office of a proviso is either to except something from the enacting clause or to qualify or restrain its generality, or to exclude some ground of misinterpretation of it."   25 R. C. L., § 231, p. 984.

The main provision of a statute and the proviso are to be read together with a view to carry into effect the whole purpose of the law.   *White v. U. S.,* 191 U. S.. 545; 24 S. Ct., 171; 48 L. Ed., 295.   *Anderson v. Pacfic Coast S. S. Co.,* 225 U. S., 187; 32 S. Ct., 626; 56 L. Ed., 1047.

If it be true that due process of law is afforded litigants if they have an opportunity to be heard at any time before final judgment is entered (6 R. C. L., p. 452, and 79 Am. Dec., 468, *supra*), then may not the proviso to the statute in question be said to provide that opportunity?   That act was passed in 1900 (23 St. at Large, p. 388).   In it the Legislature set up a tribunal to which the requirement could be carried for investigation and determination, and six months' time must elapse before the statute or requirement becomes conclusive, or any penalty could attach or any writ applied for.

In the case at bar, the defendant was notified and appeared at the hearing.   No judgment or demand for penalties have been sought or rendered.   The hearing resulted in an order in the case to which, at the time, no exceptions were taken nor any steps to have a review by a superior tribunal.   "A railroad company, which has been notified, appeared and contested a matter before the Railroad Commission is not deprived of its property without due process" of law.   *R. R. Commission v. A. C. L. R. R.,* 71 S. C., 130; 50 S. E., 641.

It may be suggested that the statute is fatally defective in that there is no express direction that notice of hearing must be given.   The Commission is a

creature of our Constitution having thereby such powers
and duties as are conferred and prescribed by law.    Article
9, § 14, Constitution 1895.    "It cannot be doubted that the
respondent was entitled, as a constitutional right, to notice
and hearing, before the Railroad Commissioners could im-
pose upon it the burden of making the changes in its station
and track at Slighs; and it follows, if the statute purported
to authorize the imposition of the burden without notice to
the respondent and opportunity to be heard, it would be
unconstitutional.    But express statutory requirement for
such notice and hearing is not essential, for the reason that
the constitutional requirement that there shall be notice and
opportunity to be heard is a part of the law governing the
Railroad Commissioners.    As the statute is silent on the
subject, the presumption is that the Legislature intended
for the Commissioners to comply with the Constitution, not
to violate it.    *  *  *  The great weight of authority is to
the effect that, while notice of a special burden or duty,
which a board, such as this proposes to impose, must be
extended, and an opportunity to be heard on the rightfulness
of the exactions must be given, it is not necessary that the
statute under which the board acts should expressly provide
notice."    *Railroad Com'rs v. Columbia N. & L. R. Co.,* 82
S. C., 422; 64 S. E., 242.    Section 4820, Vol. 3, Code of
Laws 1922.

We are therefore of the opinion that the statute pro-
vide a remedy, and that it is not a taking of the
property of the railroad company without due pro-
cess of law; that the requirement made in this case is in
the exercise of the police power of the State; that neither the
statute nor the order of the Commission is in conflict with
the Federal Transportation Act (U. S. Comp. St. Ann.
Supp., 1923, § 10071¼ et seq.) or any amendment thereto.
We are of the further opinion that the order of the Com-
mission was based upon a finding of fact made by it, and
that said order should be sustained.

It is therefore ordered that a writ of mandamus in conformity with the order of the Railroad Commission be issued.

MESSRS. JUSTICES WATTS, FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.