In the Matter of the Habeas Corpus of William Albert LUTKER.

No. A–12128.

Criminal Court of Appeals of Oklahoma.

Sept. 29, 1954.

indecent exposure in the District Court of Blaine County in case No. 1861; on the same date the accused was arraigned, entered a plea of not guilty and his appearance bond was fixed at $10,000. Immediately after the arraignment was concluded the County Attorney in open court moved the court for an order committing the accused to a state institution for observation and report. The court minutes show the following objection entered by counsel for the accused: "To which defendant objects and demands a hearing and trial on said matter and further objects that no formal application has been filed or presented." The trial court thereupon without any hearing entered the following order:

> "It is Therefore Ordered and Decreed by the Court that the defendant, William Albert Lutker, be transported by the Sheriff of Blaine County, Oklahoma to the Central State Griffin Memorial Hospital at Norman, Oklahoma and committed for the purpose of observation, diagnosis and treatment, and the Superintendent of said Institution to make a report to this Court of the findings as to the mental condition of the said defendant, as soon as it is practical to do so, but not more than Ninety (90) days after the receipt of said defendant, and thereafter to hold the said defendant subject to the further order of this Court."

The only legal basis for the commitment of the petitioner is that provided in the Mental Health Law of Oklahoma which was adopted in legislative session of 1953 and reads:

> "If any person is held in confinement because of criminal charges, or if he has criminal charges pending or likely to be filed against him, or if he has been taken into custody because of a criminal act or acts, and the question arises as to his sanity or state of mental health, such individual may be ordered by a court of competent jurisdiction into a state hospital within the Department for observation for a period not to exceed ninety (90) days." Laws 1953, p. 166, § 60, 43A O.S.1953 Supp. § 60.

Arney & Barker, Clinton, Arney & Arney, Weatherford, for petitioner.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., W. A. Richardson, County Atty., Fred V. Shirley, Asst. County Atty., Blaine County, Watonga, for respondent.

JONES, Judge.

This is an original action instituted by the petitioner, William Albert Lutker, for the purpose of securing his release from confinement at the Central State Griffin Memorial Hospital at Norman.

The facts in support of said petition briefly are these: On September 13, 1954, defendant was indicted for the crime of

The commitment to the institution is attacked on two grounds. First, the statute under which the commitment was purportedly made is unconstitutional by reason of its failure to provide for notice to be given the accused and an opportunity to be heard. Second, the confinement of petitioner is a deprivation of his liberty without due process of law in contravention of the Oklahoma Constitution. Art. 2, § 7.

This is the first occasion when any part of the chapter on mental health has been before this court for construction.

It has been the repeated holding of this court that where the constitutionality of a statute is attacked, every presumption will be indulged in favor of its constitutionality and it will not be declared unconstitutional if it can be sustained on any reasonable basis. Ex parte Houston, 93 Okl.Cr. 26, 224 P.2d 281; Ex parte Arnett, 93 Okl.Cr. 116, 225 P.2d 381; Prickett v. State, 88 Okl.Cr. 213, 200 P.2d 457, 201 P.2d 798. The beneficent aims of the statute should not be thwarted by the courts unless it is clearly unconstitutional.

We are convinced that in accordance with requirements of due process of law the accused is entitled to notice and an opportunity to be heard before an order of commitment to the mental hospital is made. In the case of Ex parte Autry, 58 Okl.Cr. 88, 50 P.2d 239, 243, it was stated:

" 'Due process of law,' as used in the Bill of Rights, § 7, supra, is intended to protect the citizen against arbitrary action, and to secure to all persons equal and impartial justice."

The Supreme Court of Oklahoma in the case of Skinner v. State ex rel. Williamson, 189 Okl. 235, 115 P.2d 123, 126, stated:

" 'Due process' has a dual significance, as it pertains to procedure and substantive law. As to procedure it means 'notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a competent and impartial tribunal having jurisdiction of the cause.' 12 Am.Jur. 267, § 573; 16 C.J.S., Constitutional Law, § 569, page 1156. In substantive law, due process

may be characterized as a standard of reasonableness, and as such it is a limitation upon the exercise of the police power. 6 R.C.L. 433–446; 11 Am.Jur. 998, 1073–1081; 16 C.J.S., Constitutional Law, § 569, page 1156."

In the case of Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858, 861, the Supreme Court vacated an award of the Industrial Commission fixing the fee of an attorney and in the body of the opinion stated:

"In the award now under review this was not done but the petitioner was given neither an opportunity to be present nor to offer any evidence in support of his claim but the action taken by the commission was apparently wholly ex parte. This constitutes a denial of due process of law guaranteed by section 7, article 2, of the Constitution and cannot be countenanced by this court."

In the case of Ex parte Schaeffer, 177 Okl. 464, 60 P.2d 1037, 1039, the petitioner was confined in the State Hospital for the Insane and sought a writ of habeas corpus in the Supreme Court of Oklahoma to secure his release. The writ was granted, the court stating:

" ' * * * the rule that no one shall be personally bound until he has had his day in court was as old as the law, and it meant that he must be cited to appear and afforded an opportunity to be heard. "Judgment without such citation and opportunity wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and never can be upheld where justice is justly administered." ' "

In the case of People ex rel. Morriale v. Branham, 291 N.Y. 312, 52 N.E.2d 881, 882, the trial court issued an order of commitment based on a statute authorizing a judge, if satisfied that a prisoner was mentally defective, to commit him to a hospital for mental defectives. Upon petition for habeas corpus, the writ was issued on the ground that the order of commitment entered without notice and opportunity to be heard was without due process of law. The statute there under consideration was comparable

790

to the Oklahoma statute here involved in that the statute was silent as to any notice being given. In the opinion it is stated:

"The statute does not expressly require that notice of an application for the retention of a prisoner after the expiration of his term shall be given to the prisoner. The statute does require that the judge shall issue an order of retention only 'if satisfied' that such prisoner is a mental defective. There must be judicial consideration and decision. An ex parte judicial decision that a prisoner otherwise entitled to his liberty shall continue to be retained in custody until at some future time he may be discharged by his custodian or may secure his release by habeas corpus proceedings, would be contrary to the traditions of the common law and perhaps would constitute a violation of rights guaranteed by the Constitution. A statute which authorizes a judicial order or decree for a person's imprisonment or restraint must if possible be given a construction which will not offend constitutional guarantees of liberty or offend fundamental concepts of the common law. Unless the statute provides expressly or by necessary implication that an adjudication may be made without notice to the person whose detention or restraint is sought, we may reasonably find implicit in the statute a direction that the judicial decision and decree shall be made only in accordance with due process of law after notice and opportunity to be heard."

The Supreme Court of Ohio in the case of State ex rel. Smilack v. Bushong, 159 Ohio St. 259, 111 N.E.2d 918, held:

"Sections 13441–1 and 13441–4, General Code, pertaining to the power of a Court of Common Pleas to commit one accused of crime to a hospital for the insane or to the Lima State Hospital for observation, in the event his sanity is put in question, contemplate as a condition precedent to such action a formal examination and investigation by the court into the question of the sanity or insanity of the accused, especially where the accused objects to the procedure.

"A violation of such sections occurs and an accused is deprived of the due process of law guaranteed him by Section 16, Article I of the Constitution of Ohio, and the Fourteenth Amendment to the federal Constitution, where, against his protests, he is committed to the Lima State Hospital for observation for a period not exceeding one month, solely upon the unsworn statement of the prosecuting attorney as to his belief, based on hearsay, that the accused is not sane and without any semblance of a formal hearing as to the accused's mental condition and without the presentation of any evidence tending to prove insanity."

We are convinced that the due process of law provisions of the Oklahoma Constitution require that notice be given to an accused and an opportunity to be heard before the order of commitment is issued. The query is then presented as to whether the failure of the statute to make provision for such notice and an opportunity to be heard renders it unconstitutional. We think not. The statute by its terms provides that the court "may" order the accused committed. We think the language of the statute necessarily implies that a hearing would be held and the accused be given an opportunity to be heard by himself and/or his counsel. As shown above in the case of People ex rel. Morriale v. Branham, it is held in New York where the statute is silent as regards notice being given an individual it may be reasonably found implicit in the statute "a direction that the judicial decision and decree shall be made only in accordance with due process of law after notice and opportunity to be heard." Ohio has a statute similar in many aspects to that of Oklahoma in that the statute authorizing the court to commit a person whose sanity is under investigation to a mental hospital for observation for a period not exceeding one month does not specifically require notice and an opportunity to be heard before the commitment is made. The Ohio Supreme Court in the case of State ex rel. Smilack v. Bushong,.

supra, upheld the validity of the statute but issued a writ of habeas corpus in that case for the reason that the trial court proceeded summarily without evidence being taken or a hearing.

In the case of Tatlow v. Bacon, 101 Kan. 26, 165 P. 835, 836, 14 A.L.R. 269, the Supreme Court of Kansas upheld the validity of a statute pertaining to the issuance of execution against a debtor where it was claimed this statute was unconstitutional in that it did not provide for notice to the debtor of a hearing before the execution is issued. In the body of the opinion it is stated:

"It has already been determined that a statute is not invalid merely by reason of the fact that it does not expressly provide for notice and hearing. It may be implied by the courts, unless the language of the statute excludes the theory that notice and hearing are necessary. Gilmore v. Hentig, 33 Kan. 156, 5 P. 781; [Union Pac.] Railroad Co. v. [City of] Abilene, 78 Kan. 820, 98 P. 224."

In Robitzsch v. State, 189 Ga. 637, 7 S.E. 2d 387, the Supreme Court of Georgia held that the requirements for notice and a hearing as a matter of right in accordance with due process of law is complied with where a statute either expressly or by necessary implication confers such rights.

In the case of McManus v. Industrial Commission, 53 Ariz. 22, 85 P.2d 54, 56, it was stated:

"It is, of course, true that notice and opportunity to defend must be a matter of right and not a matter of grace, but we think that such right may be implied from the terms of a statute without being expressly and explicitly set forth in detail therein. * * * This general principle of implied notice has been upheld in a number of cases where the statute was not as explicit in regard to the necessity of a hearing of some kind as is the law under consideration at the present time. Tatlow v. Bacon, 101 Kan. 26, 165 P. 835, 14 A.L.R. 269; Shealey v. Seaboard Air Line Ry. Co., 131 S.C. 144, 126

S.E. 622; Bioni v. Haselton, 99 Vt. 453, 134 A. 606; Smith v. State Board of Med. Examiners, 140 Iowa 66, 117 N.W. 1116; State v. State Medical Examining Board, 32 Minn. 324, 20 N.W. 238, 50 Am.Rep. 575; Enterprise Irr. Dist. v. Tri-State Land Co., 92 Neb. 121, 138 N.W. 171; Nelson v. Garland, 123 Pa.Super. 257, 187 A. 316."

The constitutionality of this statute may only be sustained by this court holding that by necessary implication the statute provides for a hearing with the accused being given notice and an opportunity to be heard. We so hold.

However, the statute may be constitutional and still be applied in an unconstitutional manner. By reason of what has been heretofore said, it is apparent that the order of commitment of accused was not in accordance with due process of law in that the court acted summarily upon the sole motion of the prosecuting attorney with no notice being given to the accused and no opportunity to be heard before the commitment was issued.

We have arrived at the following conclusions based upon a study of the statute in question and of the constitutional principles involved.

1. The question of insanity as mentioned in the statute may arise in many ways, but it should be presented in writing and should set forth sufficient facts to direct the attention of the trial court to the alleged mental retardation or illness of the accused.

2. The order made on such application is not a final order and no appeal may lie from such order. It is merely a temporary or interlocutory order of commitment pending the trial of the accused. The remedy of the accused where he feels the restraint is not in conformity with the law is by habeas corpus.

3. The accused is entitled to notice and an opportunity to be heard before an order of commitment is issued. Likewise, we think where the petition for commitment is presented by or on behalf of the accused, counsel for the State should have

an opportunity to be heard before the order of commitment is issued. Since the statute is silent as to the giving of any notice, we feel that the notice required in each case so as to give an opportunity to be heard to the contesting party should be governed by the facts of each particular case and should always be a reasonable one. In most cases, the hearing probably could be instanter by agreement of the parties, but where there is no agreement it would appear that at least a 24-hour notice should be given and a copy of the written petition for commitment should be served on the accused or if the petition is filed in his behalf, a copy of the same should be served on the County Attorney.

The order of commitment is vacated and the petitioner is remanded to the custody of the sheriff of Blaine County who shall immediately transport him to the county jail of Blaine County pending his release on bond or the further order of the court.

POWELL, P. J., and BRETT, J., concur.