Travis SANDEFUR, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14413.

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1969.

Gene M. Gardner, Duncan, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in error, Travis Sandefur, hereafter referred to as defendant as he appeared in the trial court, was tried in the district court of Stephens County for the crime of Larceny of a Domestic Animal; the jury returned a verdict of guilty and recommended the sentence be suspended. Judgment and sentence was imposed, without suspension, after the trial court overruled defendant's motion for new trial on February 28, 1967, after which he was transported to the state penitentiary.

At his trial, defendant announced ready for trial and entered pleas of "not guilty" and "not guilty by reason of insanity." The trial court upon its own motion, over defendant's objections, ordered the defendant committed to Central State Hospital for mental examination.

Later, when defendant stood trial, the trial court's order for commitment to the state hospital, the order returning defendant to the court, and the letter from the State Psychiatrist were introduced into evidence, over defendant's objections. The crux of the State's Psychiatrist's letter recited: "Psychiatric evaluation of Mr. Sandefur has been completed and he is not mentally ill according to the laws of the State of Oklahoma. He is able to distinguish between right and wrong and he could advise an attorney in his own defense."

Defendant first complains that his constitutional rights were violated when by virtue of the letter, the doctors from the State Hospital were permitted to testify concerning their interrogation of him during their period of examination. In support of his contention he cites In re Lutker, Okl.Cr., 274 P.2d 786, in which he states the trial court erred in not providing defendant twenty-four hours notice of his confinement for mental observation, as provided

in 43A O.S.Supp.1961 § 60. However, as the attorney general sets forth in his brief, that particular section of the statutes was repealed by the 1963 Session of the Legislature, and is now covered by 22 O.S.Supp. § 1171 et seq. With reference to defendant's contention concerning the twenty-four hour notice, we also observe that In re Lutker, supra, at page 792, provides in the Court's dictum the following:

"In most cases, the hearing probably could be instanter by agreement of the parties, but where there is no agreement ·it would appear that at least a 24-hour notice should be given and a copy of the written petition for commitment should be served on the accused * * *."

But, this Court stated in the same opinion:

"We feel that the notice required in each case * * * should be governed by the facts of each particular case and should always be a reasonable one. * * *."

In the case now being considered, we have the defendant on the one hand contending "not guilty by reason of insanity," while at the same instant contending that he should be allowed twenty-four hours notice, before a professional examination may be required. We fail to comprehend the consistency of defendant's position, and are of the opinion the trial court did not commit error when defendant was transported to the state hospital for mental observation under these circumstances. Defendant's inconsistent position, coupled with the judicial discretion provided in 22 O.S.Supp. § 1172, makes the position of the trial court even more tenable.

Defendant's second proposition challenging the action of the district court is likewise disallowed for the reason the trial court followed the provisions of 22 O.S.Supp. § 1173, which provides:

"If, in the opinion of the doctors of said hospital, after the observation and examination as provided, such individual is presently sane, the order of the District Court suspending proceedings shall be dissolved, and the question of his present sanity shall not again be questioned until the calling of the indictment or information for trial."

We are of the opinion that when insanity is interposed as a defense, and the trial court orders the defendant to be examined by experts, the conclusions of said experts are admissible in evidence when such conclusions are premised upon a sound and recognizable basis for making their determinations. See Brown v. State, Okl.Cr., 304 P.2d 361, 368.

Defendant's third, fifth, and seventh propositions not being supported by any authorities will not be considered. This Court has said many times:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred." See: Collins v. State, Okl.Cr., 407 P.2d 609.

See also: Prescott v. State, 56 Okl.Cr. 259, 37 P.2d 830, which supports the State's position that the trial court did not commit reversible error, when defendant's motion for continuance was denied.

We find further that defendant's fourth proposition is not supported by any specific legal authorities; but instead a general citation is provided, and defendant recites in conjunction with the general citation, "it would weary the court to list all the authorities on this facet of the case." We do not ask that all the authorities be cited, but only those upon which defendant relies. We therefore decline to discuss the fourth proposition for the same reasons stated above.

Therefore, having considered the briefs and records before the Court, we are of

the opinion the judgment and sentence herein should be, and the same is, affirmed. Judgment and sentence affirmed.

BUSSEY and NIX, JJ., concur.