Terry Wayne **JOHNSON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15679.

Court of Criminal Appeals of Oklahoma.

March 17, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Terry Wayne Johnson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary in the Second Degree; his punishment was fixed at four years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that Willie Ray lived at 1904 NE 30th Street in Oklahoma City on September 12, 1969. He testified that he left for

work about 7:30 a.m. after locking everything up. He called home about 11:00 a.m. and learned that officers were there. He found the inside in great disorder. There was some change and a Polaroid camera missing. He found a hole cut in a front bedroom window screen. There was a slit, cut so that the back door could be unlatched and the back door was pried open. He identified the Polaroid camera as the one taken from his house.

Officer Large of the Oklahoma City Police Department, testified that he was on duty that day with his partner, Officer Bell, and went to 1904 NE 30th Street in response to a neighbor's call. When he arrived he went to the rear, or south, of the house and saw three colored males running from the rear door. He ordered them to halt and fired a warning shot as they tried to climb a fence. In the meantime Bell intercepted them from the other direction and they were arrested. He identified defendant as one of the three fugitives. Entry had apparently been forced through the back door and the house ransacked. He recovered a Polaroid camera from a neighbor who had found it in her back yard.

Officer Bell of the Oklahoma City Police Department, testified substantially as did Officer Large.

Carroll Brown testified that on that day she lived at 1929 NE 29th Street and was in the back yard hanging out clothes when a colored boy ran through her yard and jumped the fence. Her children found a camera which she turned to the police.

Officer Gregory of the Oklahoma City Police Department testified that he talked to defendant at the Oklahoma City Jail, after warning him of the rights against self-incrimination, after which defendant said he and three other boys committed the burglary, hoping to find money. (R 40).

Defendant did not testify, nor was any evidence offered in his behalf.

■ The first proposition contends that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

■ The final proposition asserts that the punishment is excessive. We need only observe that the punishment imposed is well within the range provided by law and does not shock the conscience of this Court.

The record is free of any error which would justify modification or reversal and we, therefore, are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.