Dennis Allen STEWART, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–16311.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1971.

Max M. Berry, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Dennis Allen Stewart, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Kay County for the offense of Grand Larceny. His punishment was fixed at four years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that an automobile owned by Harry Strader was involved in an accident early in the morning of March 4, 1970, and was towed to a body and paint shop in Ponca City, Oklahoma. Wayne Bristow, the co-owner of the shop, testified that around noon on that date, the defendant and his brother came to the shop, making inquiry about a 1960 Pontiac that had been wrecked. His brother wanted to get a hat and a cigarette lighter from the car. The defendant told him that the car was not worth taking, and he was going to leave it for the finance company. The defendant asked if he could take the tape player, and was told that if it was his car, he could take anything out of it. The defendant and his brother took out the tape player and left.

Harry Strader testified that he owned the car involved in the accident. He first met the defendant the previous night, and several of them went out drinking. The defendant was driving his car when it was wrecked. Strader was intoxicated. He did not give the defendant permission to take the tape player or tapes from the car. The value of the tape player was between $30.00 and $45.00, and the tapes were worth $3.00 to $5.00 each.

Terry Stewart, the defendant's brother, testified that he went to the body shop with the defendant around noon on March 4. The defendant talked to a man at the shop. The defendant wanted to borrow $5.00 the previous night to try to buy the tape player. The defendant told him prior to going to the shop that he had purchased the tape player. He took it out of the car, took the tapes, got his personal items, and they left.

Jim Morgan, a parole officer, testified that the defendant told him that he took the tape player because someone at the body shop told him that it might get stolen. After a conversation between defendant and Strader, he took them all to the police station.

Detective Lee testified that upon advising defendant of his "Miranda" rights, the defendant stated that someone at the body shop advised him that he had better take the player and tapes, because they might get stolen. He testified that in his experience, the value of tape players ranged between $39.00 to $100.00.

The defendant testified that he went to the body shop with his brother to get his cigarette lighter that he had left in the car. A man at the shop asked if he was going to take the tape, because they had had people stealing them. His brother then took it out, and they took it to their sister's

home to safeguard it for Strader. He denied telling his brother he had bought it. He admitted two prior Forgery convictions.

The defendant asserts three "Questions Presented" in his Brief, none of which are supported by citation of authority. We have repeatedly held that it is necessary for counsel for the defendant not only to assert error, but also to support his contention by both argument and by the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court has erred. Sandefur v. State, Okl.Cr., 461 P.2d 954.

The Record is free of any error which would justify modification or require reversal. The judgment and sentence is

Affirmed.

BRETT and NIX, JJ., concur.