Nolen Ray **CRAFT**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16686.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1971.

Leslie D. Page, Ponca City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Nolen Ray Craft, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Kay County for the offense of Credit Card Theft; his punishment was fixed at three (3) years imprisonment, and a fine of $3,000, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on November 4, 1970, Arlie Ledbetter was employed at the OTASCO Store in Ponca City, Oklahoma. He testified that around 5:00 o'clock p. m. the defendant came into the OTASCO Store, and made arrangements to purchase a radio-phonograph, which had an approximate value of $61.00. Ledbetter made out a purchase slip for the radio-phonograph, and asked the defendant how he wanted to pay for it, whereupon defendant presented a BankAmericard, which bore the name of William S. Bayouth. Ledbetter took the purchase slip and the BankAmericard to a back office, and gave them to the manager of the store.

Darrell Davis testified that he was the manager of the OTASCO Store on November 4, 1970. He testified that his employee, Ledbetter, presented him a purchase slip and a BankAmericard, which bore the name of William S. Bayouth. He testified that it was standard company policy in any purchase over $50.00, to call the BankAmericard Company in Oklahoma City. He testified that after his wife telephoned the BankAmericard Company in Oklahoma City, that he placed a call to the Ponca City Police Department, and shortly thereafter, Officer Cox arrived.

Officer Cox testified that he received a call to go to the OTASCO Store, and upon arriving, found the defendant standing at the front of the store. He requested the defendant to accompany him to the back of the store, and he asked the defendant for his identification. Defendant produced an Oklahoma Driver's License, which bore the name of Solomon Bayouth of Jenks, Oklahoma. He asked defendant what his address was, and the defendant could not furnish a detailed address. Defendant advised Officer Cox that his mother had loaned him the credit card, whereupon the defendant was requested to accompany Officer Cox to the Police Station to confirm that the mother had actually loaned him the credit card. Defendant placed a collect telephone call to a number in Tulsa, Okla-

homa, and after a short conversation, handed the telephone to Officer Cox. A lady on the other end identified herself as Mrs. Bayouth, and stated that she had loaned the credit card to defendant. Officer Cox asked her the birthdate of defendant, which she replied, "March of 1930," which did not correspond with the date of birth on the driver's license. While Cox was conversing with the lady who identified herself as Mrs. Bayouth, another call came in at the Ponca City Police Department, wherein Cox left the room and talked to a person who also identified herself as Mrs. Bayouth. Defendant was advised of his Miranda rights, wherein he advised Officer Cox that his real name was Ray Craft, and that he obtained the BankAmericard, the driver's license, and a Phillips Petroleum Company credit card from a friend who had found them at some club in Tulsa, Oklahoma.

Solomon Bayouth testified that he discovered his billfold, which contained his credit cards and his driver's license, missing on the evening of October 31, 1970. He last saw them at the Copa Club in Tulsa, where he was employed.

William Bayouth testified that he had given the BankAmericard to his son approximately one month prior to the time it was discovered missing.

█ The first proposition asserts that the State did not sufficiently prove every necessary element of the crime for Credit Card Theft. Title 21 O.S.Supp.1970, § 1550.23 provides as follows:

"A person who receives a credit card that he knows to have been lost or mislaid and who retains possession with intent to use it or to sell it or to transfer it to a person other than the issuer or the cardholder is guilty of credit card theft and is subject to the penalties set forth in Section 13(a) of this act."

Defendant argues that the State totally failed to prove how the defendant came into possession of the credit card in question. We are of the opinion that the State did, in fact, prove the necessary elements of the offense charged. The evidence is uncontroverted that defendant had in his possession a credit card of a person who had either lost or mislaid the same; defendant attempted to use the said credit card, and further, defendant's guilty intent was shown by the defendant's prior arrangements with an accomplice to identify him as the son of the valid credit card holder. We, therefore, find this proposition to be totally without merit.

█ The next proposition asserts that the jury was prejudiced, in that at least one of the jurors was present in the court room, wherein a criminal defendant entered a plea of guilty and received a suspended sentence. Defendant argues that this could have led the jury to assume that the trial court would possibly suspend any sentence they might impose. Although this proposition is not properly before this Court, in that the defendant did not cite authority to support this proposition, we observe that the Record does not support defendant's contention that the jury was, in fact, prejudiced. See Sandefur v. State, Okl.Cr., 461 P.2d 954.

█ The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and that the Court of Criminal Appeals does not have the power to modify a sentence, unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. From the foregoing statement of facts, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly, affirmed.