Curtis L. **LAWSON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

No. A–16251.

Court of Criminal Appeals of Oklahoma.

Oct. 20, 1971.

Rehearing Denied Dec. 10, 1971.

Second Rehearing Denied Feb. 2, 1972.

Curtis L. Lawson, pro se.

Larry Derryberry, Atty. Gen., for de-
fendant in error.

BUSSEY, Presiding Judge:

Curtis L. Lawson, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma for the offense of Obtaining Merchandise by Means of a False and Bogus Check. His punishment was fixed at imprisonment for a term of not less than one year, nor more than three years, and a fine of One Thousand Dollars, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on July 8, 1969, the defendant purchased merchandise from a photographic supply company in Tulsa. Mrs. Lamar, a clerk at the company, testified that the defendant purchased merchandise and paid for it by a check in the amount of $25.34. The defendant signed the check, which was made on the account of Educational Information & Service Company.

Jean Engler testified that the check was presented to the bank for payment, and was subsequently returned unpaid. She attempted to telephone the defendant, but his telephone was disconnected. She wrote him a letter which was not returned.

John Engler testified that he attempted to call the defendant but without success. He filed the criminal charge in November when Lawson had not paid.

Jerry Cantrell, the auditor of the bank upon which the check was drawn, testified that the Educational Information & Service Company account was overdrawn from June 10, through June 27, whereon the account was closed by the bank. A copy of a letter addressed to the company, and dated June 27, stating that the account was closed was introduced. The witness did not know if the defendant actually received the letter.

The defendant testified that he had no independent recollection of being in the store, or purchasing the merchandise. He admitted that the signature on the check

was, in fact, his. He did not deny that he had made the transaction, but that he did not remember. He was in the process of producing a documentary film, and shortly after July 8, he went to Hawaii, where he remained for one month. He was notified that he was wanted by the Tulsa authorities, and he voluntarily returned, and was subsequently convicted of two charges of Embezzlement, which are presently being appealed. He did not know about the check in question until charges were filed. He was informed by someone in his office not to write checks on that account, but he was not sure when. He testified that if he did buy the merchandise, he signed the wrong check by mistake. He did not have any intent to cheat or to defraud the store, and he offered to made restitution when he knew it was still outstanding, which request was denied by the District Attorney's office.

The State recalled Jerry Cantrell in rebuttal, who identified bank records concerning the Educational Information & Service account. The records reflected that during the last week in June, and in the month of July, 51 checks signed by the defendant on his account were returned by the bank unpaid.

The defendant testified that he signed a number of checks in blank before he left for Hawaii, and that his new secretary sent them out by mistake.

The defendant asserts two propositions of error. We note that the defendant does not cite authorities to support either proposition. We have consistently held that it is necessary for counsel for the defendant not only to assert error, but also to support his contention by both argument and by the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court has erred. Sandefur v. State, Okl.Cr., 461 P.2d 954.

We observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.

Rehearing Denied Dec. 10, 1971.

Second Rehearing Denied Feb. 2, 1972.