Howard Eugene HALL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17399.

Court of Criminal Appeals of Oklahoma.

June 7, 1972.

Warren H. Crane, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for appellee.

BUSSEY, Presiding Judge:

Appellant Howard Eugene Hall, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Comanche County, Oklahoma, for the offense of Making an Obscene Telephone Call; his punishment was fixed at ninety (90) days in the County Jail and a fine of Fifty Dollars ($50.00), and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Mrs. Troy Thorn testified that on the 26th day of November, 1971, she received an obscene telephone call from an unknown male subject. She testified that the caller requested that he be permitted to perform unnatural sex acts on her person. She requested the caller to identify himself and he repeated that he would if she would comply with his request. The telephone call was received at approximately 1:30 and she talked about two minutes. She placed the telephone receiver on a chair and walked to her husband's parents' home.

Charles Brown, an employee of the telephone company, testified that prior to November 26, he set a telephone trap on the receiver of Mrs. Thorn's telephone. He explained the trap as an "electrical device that puts the conversation in control of the called party. The calling party—there is no way they can drop off of the line until the called party breaks the connection by hanging the telephone up." (Tr.14) He testified that somewhere between 1:30 and 2:00 p. m. on the day in question, he traced the call placed to the Thorn residence to an address at 602 South Sixth Street, Cache, Oklahoma. The telephone at the address in Cache was in the defendant's name. He then notified the Sheriff's deputies in Lawton.

Deputy Banks testified that after having a conversation with an employee of the telephone company, he proceeded to 602 South Sixth Street in Cache, arriving at approximately 3:20 p. m. He testified that he knocked at the front door while his partner, Deputy Turner, watched the rear of the house. No one answered the door and Deputy Banks proceeded to the residence next door. He returned to the defendant's residence and again knocked at the door, at which time, the defendant answered. He asked the defendant if he could check his telephone, to which the defendant agreed stating that the telephone was dead. He testified that there was no other person present at the residence except the defendant. They proceeded to the rear of the residence accompanied by the defendant and found that the telephone wires had been cut.

Deputy Turner's testimony did not differ substantially from that of the witness Banks. Turner testified that a field phone was connected to the cut wires at the defendant's residence and it was ascertained that the lock between the defendant's telephone and the Thorn telephone was still intact.

Charles Brown was recalled and testified that he examined the telephone wires behind the defendant's residence and in his opinion, the wires were freshly cut.

Defendant did not testify nor was any evidence offered in his behalf.

■ The first proposition asserts that the court abused its discretion in refusing to recess for the purpose of permitting the defendant to shave. We need only to observe that the defendant does not support this proposition with any citations of authorities. In Sandefur v. State, Okl.Cr., 461 P.2d 954, we stated:

" 'It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial

court has erred.' See: Collins v. State, Okl.Cr., 407 P.2d 609."

The final proposition contends that the verdict is not supported by the evidence. From the foregoing statement of facts, we are of the opinion that the evidence, although circumstantial, is sufficient to support the jury's verdict. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this court will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and determine the facts. Johnson v. State, Okl.Cr., 482 P.2d 951.

In conclusion we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.