**Georgia Faye SPARKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17464.**

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1972.

Rehearing Denied Nov. 17, 1972.

Clark Legate, Ardmore, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Georgia Faye Sparks, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Marshall County, Oklahoma, for the offense of Burglary in the Second Degree; her punishment was fixed at two (2) years imprisonment and from said judgment and sentence, an appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on April 29, 1969, Ada Banks was employed in the capacity of a housekeeper for the A. A. Drummonds in Madill, Oklahoma. Mr. Drummond left that morning to go to California and she continued working until 2:00 that afternoon, locking the back door as she left. On returning the following morning, she discovered that the back screen door was latched from the inside. She obtained the services of a repair man and gained entry to the house through the back door. She pro-

ceeded to do the housecleaning and discovered that the chain lock on the front door, which had previously been secured, was off. She further discovered that some of Mr. Drummond's files and papers were in the trash basket. Noting that this was unusual, she decided to leave the room intact until Mr. Drummond returned.

Mr. Drummond testified that he knew the defendant and that she had worked for him in the capacity of a housekeeper from the fall of 1967 until December 1968. He testified that the defendant delivered some merchandise to his house on April 28, 1969; at which time, he informed her that he was going to California for a visit. As he was leaving the following day, the defendant and her daughter, Ivy, came by to tell him goodbye. He returned to Madill on May 8, and discovered the files in the waste basket. Upon checking the filing cabinet, he discovered that approximately Ten Thousand Dollars ($10,000.00) in cash was missing. He subsequently discovered that his coin collection, various items of jewelry and a Japanese sword were also missing.

Mrs. Drummond also testified that she terminated the defendant's employment on December 21, 1968. On the day the defendant was fired, a key to the house was discovered missing.

Officers Cox and Wood testified that they placed the defendant under arrest on May 12, 1969.

Gary Robertson, an agent for the Oklahoma State Bureau of Investigation, testified that on May 12 he obtained a search warrant for the defendant's residence. He found a Japanese sword behind the refrigerator in the defendant's house. He returned to the jail and searched the defendant's purse and found various gold and silver coins. He advised the defendant of her Miranda rights and questioned her concerning the coins and the sword. She denied knowledge of how the coins got in her purse and knew nothing about the sword being in the house.

Sheriff Splawn's testimony did not differ substantially from that of the Witness Robertson.

Mr. Drummond was recalled and identified some of the coins found in the defendant's purse as being his. He also identified the sword found in the defendant's home.

Mitchell Brown testified that he was employed as the office manager for a motor company in Ardmore. On April 30, 1969 the defendant purchased a 1969 Pontiac. She paid a thousand dollars cash and gave him "hold" check for $950. The following morning she returned with the remaining $950 in cash and picked up the check.

For the defense, various witnesses testified concerning their knowledge of the defendant's hobby as a coin collector. They testified that they had observed some of the coins found in the defendant's purse in her possession prior to April 29, 1969.

The defendant testified that she acquired the coins found in her purse over the years. She testified that she obtained the sword from her brother-in-law in 1945. She denied taking any of the items from the Drummond house.

 The defendant asserts two propositions concerning the court's instructions, neither of which are supported by citations of authority. We have consistently held that it is necessary for counsel for defendant not only to assert error, but to support his contentions by both argument and citation of authority, and if that is not done, and it is apparent that the defendant has been deprived of no fundamental right, this Court will not search books for authorities to support mere assertion that the trial court has erred. Sandefur v. State, Okl. Cr., 461 P.2d 954. The record discloses that the defendant was afforded a fair and impartial trial and that the evidence, although circumstantial, was sufficient to support the verdict of the jury.

The judgment and sentence is accordingly affirmed.

BRETT, J., concurs.