Joe Michael WEBB, Appellant,

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17905.**

Court of Criminal Appeals of Oklahoma.

April 12, 1973.

**134**

Sam J. Goodwin, Pauls Valley, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Joe Michael Webb, hereinafter referred to as defendant was charged, tried and convicted in the District Court of Garvin County, Case No. CRF–72–48 for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, his punishment was fixed at ten (10) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Lester Crawford testified that on February 1, 1972, he operated Pat's Drive-In in Wynnewood, Oklahoma; that in the early morning hours he received a call from the Police Department and proceeded to his drive-in. He observed pry marks on the front door and upon entering discovered that the cigarette machine and pinball machine had been broken into.

Officer Alexander testified that from the early morning hours of February 1, 1972, while making his routine rounds, he observed a car parked near the filling station and Pat's Drive-In. He next observed a subject inside the drive-in run for the back door. He drove the police car around to the back door and the subject ran back inside. He immediately radioed for assistance. Approximately five minutes later Chief Holmes arrived and ordered the persons in the drive-in to come out. Shortly thereafter, the defendant and Billy Ray Smith came out of the building. They took the two subjects to jail and returned to the drive-in. He observed that a cigarette machine and pinball machine had been broken into. Two pair of cotton gloves, a jimmy bar, a tire tool and some screwdrivers were found inside the drive-in.

Chief Rex Holmes testified that he received a call from Officer Alexander on the morning in question with reference to Pat's Drive-In. His testimony of the arrest did not differ substantially from the testimony of Officer Alexander. He returned to the drive-in, observed that entry had been made by prying open the front door.

The defendant testified that on February 1, 1972, he was living in Ardmore and had been since he was released from the penitentiary last July; that Billy Ray Smith, who he met at the State Reformatory, came to his house around 10:00 that evening and wanted to borrow his car to drive to Oklahoma City. He told Smith that he could not loan him the car because his insurance would not cover him. He finally told Smith that he was too tired to drive but he would go with him and sleep on the way to Oklahoma City. He testified that he had been up all day and night with his girlfriend's sick baby. He got into the passenger's side of the car and went to sleep before they left Ardmore. He was awakened by Smith at the drive-in who told him to "Let's go in and get something to eat". He went into the drive-in and knew something was wrong when he observed Smith put a bar down behind the door. He started to go back towards the backdoor and saw the police car. He went back in because "I knew with my record I was in trouble; so I just went back in there and sat and waited." (Tr. 39) He denied seeing the gloves, jimmy bar and tire tool until they were introduced into evidence. He admitted three prior felony convictions.

Defendant asserts one general proposition alleging that the court erred in overruling his demurrer, not sustaining his request for a directed verdict, that the trial court erred in permitting the State to introduce into evidence State's Exhibits 1, 2, 3, and 4 and that the District Attorney

made inflammatory and prejudicial argument.

 We need only observe that defendant has failed to support his contentions by the citation of authority. We have consistently held that it is necessary for counsel for defendant not only to assert error, but to support his contentions by both argument and citation of authorities, and if that is not done, and it is apparent that defendant has been deprived of no fundamental rights, this Court will not search books for authorities to support mere assertion that trial court has erred. Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969).

We further observe that the evidence of defendant's guilt is overwhelming and that the record is free of any error which would justify modification or require reversal. Judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.