Joe Wayne ROBERTSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

Nos. F–76–277, F–76–281.

Court of Criminal Appeals of Oklahoma.

March 31, 1977.

Gerald W. Thomas, Mooreland, for appellant.

Larry Derryberry, Atty. Gen., Douglas L. Combs, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Joe Wayne Robertson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Woodward County, Case No. CRF–75–17 and Case No. CRF–75–18, for the offenses of Kidnapping, in violation of 21 O.S.1971, § 741, and Robbery With Firearms, in violation of 21 O.S.1971, § 801, respectively. His punishment was fixed at term of nine (9) years' imprisonment in Case No. CRF–75–17 and fourteen (14) years' imprisonment in Case No. CRF–75–18. Both cases were consolidated for trial and will continue to be so consolidated for the purposes of this timely appeal.

Briefly stated, the testimony established that on March 16, 1975, at about 2:30 a. m., the defendant came to the home of Mr. and Mrs. William Patrick McLaughlin, near Woodward, Oklahoma. He asked for a certain person and, when told that person was not there, he left. He returned a few minutes later and asked for some gasoline. As Mr. McLaughlin went outside in search of the gasoline, he was approached by the defendant and a Clovis Smith, each brandishing a rifle, and all three, plus one Dennis George who was with the defendant and Smith, returned to McLaughlin's house.

The three men proceeded to take two dollars and two guns from McLaughlin. They bound Mr. McLaughlin and took Mrs. McLaughlin with them, warning her husband not to call the police or he "wouldn't be able to recognize" his wife. During their flight defendant ordered Mrs. McLaughlin to disrobe and put on her coat. The trio, with Mrs. McLaughlin, was captured a short time later by Sheriff's Deputies in a roadblock.

The sole assignment of error is that the defendant was denied a fair trial when the State withheld evidence favorable to the defendant, and when the State introduced improper and erroneous evidence prejudicial to the defendant which inflamed and prejudiced the jury.

Defendant's only authority cited in the entire brief is *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its analogous Oklahoma case, *State ex rel. Fallis v. Truesdale*, Okl.Cr., 493 P.2d 1134 (1972). *Brady v. Maryland*, supra, stands for the proposition that suppression of evidence favorable to an accused upon request violates due process where the evidence is

material. Defendant admits he received the tape recorded statements of the defendants, and a copy of the Sheriff's report on the incident. However, the defendant does not set out what other evidence he was denied, simply stating that he received "nothing else."

In *Stevenson v. State*, Okl.Cr., 486 P.2d 646 (1971), this Court said:

"However, defendant does not show or intimate the prosecution had any materials favorable to defendant. It is of doubtful wisdom to reverse a conviction upon the mere speculation the prosecutor may have had some material favorable to defendant. . . ."

This Court, further, cannot imagine what evidence held by the State might aid the defendant in that the defendant admitted on the stand nearly all of the facts as testified to by the victims, citing as his only defense that he was coerced by co-defendant Smith. We, therefore, find this part of defendant's assignment of error to be without merit.

Defendant sets out other propositions of error in his all encompassing assignment of error, but as he cites no authority to support this argument, this Court is under no obligation to search the books for such authority for him. As we have stated on numerous occasions, it is necessary for counsel for defendant not only to assert error but to support his contentions by both argument and citation of authority, and where this is not done and it is apparent that defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court has erred. See, *Sandefur v. State*, Okl.Cr., 461 P.2d 954 (1969). Assuming arguendo, the proposition to be properly before this Court, we find no meritorious contentions.

Defendant contends that the nine year sentence he received in the Kidnapping charge and the fourteen year sentence he received in the Robbery charge are excessive. This Court notes that the sentences are well within the statutory limits and thus we will not disturb them on appeal. *Moore v. State*, Okl.Cr., 501 P.2d 529 (1972). Defendant further contends the sentences are excessive when compared with the five year sentence received by co-defendant George and the fifteen year sentence received by co-defendant Smith on their pleas of guilty to both charges. However, evidence at trial indicated that the defendant was the leader of the trio, as it was he who made the initial contact with the victims, he who drove the car to and from the victims' house, he who ordered Mr. McLaughlin to hand over his money, he who ordered Mrs. McLaughlin into the bedroom to empty dresser drawers, he who noted it was time to tie up Mr. McLaughlin, he who told Mr. McLaughlin not to call the police, and he who told Mrs. McLaughlin to disrobe after they had driven away. The defendant himself admitted that he had previously served 18 months in the Oklahoma State Reformatory for car theft and as a juvenile was given a two year suspended sentence, also for car theft. This Court is of the impression that the defendant's sentences were most lenient in light of the overwhelming evidence against him and in light of the defendant's past record.

Defendant contends that the trial court erred in admitting into evidence a cartridge taken from one of the weapons used in the crime. However, defendant failed to object to said introduction of the cartridge and specifically said, "No, Objections," when the prosecutor asked the court to admit it. It is a longstanding rule of this Court that an objection must be properly made at the time of the alleged error in order to preserve it for appeal. See, *McCall v. State*, Okl.Cr., 539 P.2d 418 (1975).

The defendant's final proposition refers to statements made by the District Attorney in his closing argument which allegedly inflamed the passion and prejudice of the jury. Again, we note the defendant included no authority to support his argument. See, *Sandefur v. State*, infra. The record also failed to incorporate the closing argument of either party, and this Court has repeatedly held that a matter assigned

as error in a petition of error, but not shown in the case made, will not be considered by this Court. We therefore deny this proposition. *Moulton v. State*, Okl.Cr., 476 P.2d 366 (1970); *Lowe v. State*, Okl.Cr., 541 P.2d 224 (1975); *Solomon v. State*, 79 Okl.Cr. 93, 151 P.2d 944 (1944).

■ In conclusion, we observe that the evidence of defendant's guilt is overwhelming and that the record is free of any error which would cause reversal or justify modification.

The judgment and sentence is, accordingly, *AFFIRMED.*

BUSSEY, P. J., and BRETT, J., concur.