Jake ANAYA, Plaintiff-Appellant,

v.

Levi ROMERO, Warden, PNM; the Attorney General of the State of New Mexico, Defendants-Appellees.

No. 79–2089.

United States Court of Appeals, Tenth Circuit.

Submitted July 3, 1980.

Decided Aug. 27, 1980.

R. Raymond Twohig, Jr., Asst. Federal Public Defender, Albuquerque, N. M., for plaintiff-appellant.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging a denial of due process at his state trial. Appellant claimed that the prosecutor prejudicially vouched for the credibility of a state witness during closing argument and that his defense counsel refused to allow him to testify.

Appellant's petition was referred to Magistrate Gallagher, who conducted an evidentiary hearing on the alleged refusal of defense counsel to allow appellant to testify. At that hearing both of appellant's defense attorneys testified that they advised appellant not to take the stand during his trial, but did not prohibit him from testifying. Appellant contended that his counsel refused to let him testify, despite his wish to do so. Appellant's brother and father corroborated his argument.

At the conclusion of the evidentiary hearing, Magistrate Gallagher gave an informal indication from the bench that appellant had not met his burden of proof. He then stated he would make formal proposed findings to the district court.

For some reason not explained in the record, Magistrate Gallagher did not make the formal proposed findings. Instead, these findings were made by Magistrate McCoy, who apparently had no prior involvement in this case. The formal proposed findings of Magistrate McCoy concluded that nothing in the prosecutor's closing argument made the trial constitutionally infirm and that the clear preponderance of the evidence at the hearing indicated appellant was not denied his right to testify. The district court adopted the findings and recommendation of Magistrate McCoy and dismissed the action with prejudice.

Appellant now contends that the entry of proposed findings by a magistrate who did not hear the evidence is improper. Appellant also asserts the district court erred in its disposition of his two claims.

We have found no law directly discussing the propriety of substituting one magistrate for another after a hearing has been conducted. However, analogous authority involving judges and masters clearly indicates that, absent waiver or stipulation

by the parties, the fact-finder who has heard the evidence must make any required formal findings on issues involving the credibility of witnesses. *See Arrow-Hart, Inc. v. Philip Carey Co.*, 552 F.2d 711, 713 (6th Cir. 1977); *Smith v. Dental Products Co.*, 168 F.2d 516, 518–19 (7th Cir. 1948); Fed.R.Civ.P. 63. That rule would govern here if appellant had properly preserved the issue.

■ In the district court, appellant did challenge the contents of Magistrate McCoy's proposed findings, but he did not object to the change in fact-finders. Magistrate McCoy's signature on the proposals was neither hidden nor unclear. Although the district court apparently did not specifically comment on the change in magistrates, *cf. W.R.B. Corp. v. Geer*, 313 F.2d 750 (5th Cir. 1963), *cert. denied*, 379 U.S. 841, 85 S.Ct. 78, 13 L.Ed.2d 47 (1964), the issue was an obvious one for appellant to raise if he thought it worthwhile.[1] Failure to object under these circumstances constitutes a waiver. Such an issue should not be raised for the first time on appeal.

■ Appellant's challenges to the district court's findings also fail. The record sufficiently supports the finding that appellant was not denied his right to testify. Although the prosecutor's comment in closing argument is not to be condoned, the isolated incident did not make the trial so constitutionally infirm as to justify federal habeas corpus relief.

Affirmed.

---

1. Because Magistrate Gallagher's informal conclusion at the close of the evidentiary hearing was clearly consistent with the formal proposal, appellant might well have decided that an objection to the change in magistrates was an exercise in futility.