Danny Joe BOOMERSHINE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–808.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1981.

Rehearing Denied Nov. 2, 1981.

Demetri Anastasiadis, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Oklahoma, Michael Scott Fern, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was charged and convicted in Oklahoma County District Court, Case No. CRF–80–333 on three counts as follows: Count 1 for Indecent Exposure and sentenced to ten (10) years' imprisonment; Count 2 for Indecent or Lewd Acts with Child Under Fourteen, and sentenced to fifteen (15) years to run concurrently with Count 1; and Count 3 for Attempted Rape in the First Degree, and sentenced to twenty-five (25) years to run consecutively with Counts 1 and 2.

The appellant first asserts that the court erred by allowing the prosecutor to ask a defense witness about the appellant's former rape conviction. However, we find this contention to be without merit. The defense witness testified as to the appellant's reputation of good character, thereby

placing his character into issue. 12 O.S. Supp.1980, § 2404(A). At that point, the prosecutor, on cross-examination, may make inquiry into specific instances of conduct. 12 O.S.Supp.1980, § 2405(A). A defense witness may be utilized to put the defendant's character into issue. *United States v. Gilliland*, 586 F.2d 1384 (10th Cir. 1978). The prosecutor did not, therefore, commit error when he asked this defense witness of her knowledge of Boomershine's prior conviction.

It is also claimed that this witness was not actually a character witness for the reason that she was not designated as one. The fact remains, however, that the substance of her testimony raised the issue of the accused's character, notwithstanding the lack of such designation.

 The appellant next claims that it was error to allow the prosecutor to comment on the credibility of the prosecution's witness during closing argument. However, the record shows that this comment was made in response to defense counsel's comment that the witness was lying. Improper comments by the prosecutor will not be grounds for reversal if the comments are provoked or made in reply to comments by defense counsel. *Brown v. State*, 563 P.2d 1182 (Okl.Cr.1977).

The third assignment of error urged by the appellant is that the prosecutor's comment on the appellant's failure to deny the charges while on the stand was tantamount to a comment on his right to remain silent. The appellant took the stand for the limited purpose of explaining his prior conviction of rape, and the prosecutor chose not to cross-examine. The State argues that the error, if any, was harmless, and was waived by defense counsel's failure to object. However, it must be clear that a fundamental error is not involved. *Robertson v. State*, 562 P.2d 880 (Okl.Cr.1977); *Crow v. State*, 551 P.2d 279 (Okl.Cr.1976).

In *Runnels v. State*, 562 P.2d 932 (Okl.Cr. 1977), *certiorari denied*, 434 U.S. 893, 98 S.Ct. 270, 54 L.Ed.2d 179, this Court held that:

It is error for the prosecutor to comment—either directly or indirectly, at any stage of the jury trial—upon a defendant's right to remain silent. Defense counsel must preserve the error by timely objecting to the comment and moving for a mistrial, the only remedy available since an admonishment to the jury would only compound the error.

In this case, defense counsel did not object or move for a mistrial, therefore, the appellant has waived his right. See also *Goforth v. State*, 595 P.2d 813 (Okl.Cr.1979).

After carefully reviewing the trial proceedings and the evidence introduced at trial, we find that the prosecutor's comment did not rise to the level of fundamental error. The verdict forms for each of the separate counts reflect that the convictions are After Former Conviction of a Felony. The judgment and sentence documents fail to reflect this; therefore, it is the order of this Court that the case be remanded to the district court for the limited purpose of amending the judgments and sentences to reflect After Former Conviction of a Felony.

BRETT, P. J., and BUSSEY, J., concur.