Joseph Earl ADAMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–301.

Court of Criminal Appeals of Oklahoma.

May 21, 1982.

Ed McConnel, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Crim. Appellate Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Joseph Earl Adams, hereinafter referred to as the defendant, was convicted of Unlawful Possession of Marijuana With Intent to Distribute, in Logan County District Court, Case No. CRF–79–140, was sentenced to two (2) years' imprisonment and a fine of $2,000.00, and he appeals.

While searching a house and garage apartment pursuant to a "Consent to Search" signed by the owner, Dallas Griggs, for a missing revolver, police officers discovered, in the garage apartment where the defendant was living, a green leafy substance, which was plainly visible in jars; the material later proved to be marijuana. Deputy Donald Breshears testified that he recited the *Miranda* warnings to the defendant, who responded affirmatively to a query as to whether or not he understood those rights. The deputy also stated that a short time later, as the search was continuing, the defendant said, "I might as well go ahead and show it to you. You're going to find it anyway." The defendant then presented the officers with a pipe, a box of baggies, a scale and more marijuana. Deputy Henry Cotton further testified that the defendant said that four tea cans that were confiscated were his personal stash. Dallas Griggs testified that the defendant, her brother, was living in the garage apartment and that although he was not paying rent on a regular basis, he was making repairs to the premises and helped with the bills; further, he would come inside the regular house to bathe and take his meals. She stated that she was in control of all the property and had given her consent to search it.

Donald Roberts testified that he was a very good friend of the defendant, that he was currently residing at the Ouchita Correctional Facility and that all the marijuana and paraphernalia was his personal property.

In his first and second assignments of error, the defendant argues that improper rebuttal and cross-examination occurred when the prosecutor noted the defendant's silence and his failure to proclaim his innocence at the time of his arrest. The complained-of questioning took place after the defense had produced a witness, Don Roberts, who claimed that all the contraband was his. Since the record is void of any objection to the interrogatories or of a motion for a new trial, the errors have not been preserved, and have thus been waived. *Boomershine v. State*, 634 P.2d 1318 (Okl. Cr.1981); *Runnels v. State*, 562 P.2d 932 (Okl.Cr.1977), certiorari denied, 434 U.S. 893, 98 S.Ct. 270, 54 L.Ed.2d 179.

Lastly, the defendant alleges that the "Consent to Search" signed by his sister

was not valid as to the garage area, since it was not physically connected to the main residence, and he had exclusive right to the living area which was his and his alone during his tenure as a resident at that location. The defendant is not correct in his bald assertions, and has failed to cite any authority in support thereof, and this Court will not consider them. *Sandefur v. State*, 461 P.2d 954 (Okl.Cr.1969). We find that the sister had a sufficient relationship to the premises to give valid consent for a warrantless search, and the case of *Nelson v. State*, 564 P.2d 254 (Okl.Cr.1977), is dispositive of this assignment of error. Furthermore, the defendant did not object to the search, and of his own volition personally pointed out additional contraband.

Moreover, none of the alleged errors were argued in a motion for new trial, and have not been properly preserved for appeal.

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

CORNISH, J., concurs.

BRETT, P. J., dissents.

BRETT, Presiding Judge, dissenting:

I am compelled to dissent for two reasons: first, the use of the appellant's post-arrest silence as impeachment ammunition was a violation of his constitutional right to remain silent; and second, the appellant's sister did not have the authority to consent to the search of the garage apartment.

During the presentation of the defense, the appellant was asked, on cross-examination, whether he had told the police officers that the contraband either didn't belong to him or that it belonged to Donald Roberts *after* he had been advised of his right to remain silent. Later, on rebuttal, the State was permitted to ask Deputy Breshears whether the appellant had stated that he was innocent or that the marijuana belonged to someone else. This evidence falls squarely within the rule of *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). In that opinion, the Supreme Court held that silence, in the wake of the *Miran-da* warnings "... may be nothing more than the arrestee's exercise of these *Miranda* rights. Thus, every post-arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested." 426 U.S. at 617, 96 S.Ct. at 2244, 49 L.Ed.2d at 97. The Supreme Court has clearly established a distinction between post-arrest and pre-arrest silence. In *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), the Court held that the use of a pre-arrest silence to impeach the defendant's credibility does not violate the Fifth Amendment. I believe that this is a violation of a fundamental right and that the appellant's failure to object did not operate as a waiver.

Neither do I believe that, under the facts of this case, the search was properly conducted. See my dissent to *Nelson v. State*, 564 P.2d 254 (Okl.Cr.1977). Furthermore, in the State's own case, there was evidence of a possible subterfuge. Witness Sears, whose gun was missing, testified that the presence of marijuana may have been mentioned in his first meeting with Officer Breshears, then he testified, "I believe he mentioned it." The search warrant was issued for the witness's pistol, and yet conversations leading up to the issuance of that warrant included discussion of the contraband not mentioned but actually seized.

I would reverse.