952 F.2d 409
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Danny BOOMERSHINE, Petitioner-Appellant,
v.
Stephen W. KAISER, Warden; Attorney General, State of
Oklahoma, Respondent-Appellee.
 No. 89-6346.
 United States Court of Appeals, Tenth Circuit.
 Jan. 15, 1992.
 
 1
 Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DALE E. SAFFELS, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner, Danny Boomershine, appeals from a district court order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we affirm.
 
 
 6
 Petitioner was convicted in Oklahoma County District Court on three counts: (1) indecent exposure, (2) indecent or lewd acts with a child under fourteen, and (3) attempted rape. Petitioner was sentenced as follows: ten years imprisonment on count one, fifteen years imprisonment on count two, and twenty-five years imprisonment on count three. The sentences on counts one and two were ordered to run concurrently and the sentence on count three was ordered to run consecutively to the sentences on counts one and two. Petitioner took a direct appeal and his convictions were affirmed. Boomershine v. State, 634 P.2d 1318 (Okla.Crim.App.1981). Thereafter, Petitioner sought state post-conviction relief, which was denied.
 
 
 7
 In this appeal Petitioner raises the following arguments to challenge his convictions: (1) improper admission of a prior rape conviction; (2) prosecutorial misconduct; and (3) ineffective assistance of appellate counsel. Petitioner further asserts that he was entitled to an evidentiary hearing in the district court. We will address each of the arguments raised by Petitioner in turn.
 
 I.
 
 8
 Petitioner first contends that the state trial court erred by allowing the prosecutor to ask a defense witness about Petitioner's former rape conviction. The Oklahoma Court of Criminal Appeals found no error in this question because the defense witness had testified to Petitioner's good character, thereby placing Petitioner's character at issue. Id. at 1318-19.
 
 
 9
 " 'State court rulings on the admissibility of evidence may not be questioned in federal habeas corpus proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.' " Chavez v. Kerby, 848 F.2d 1101, 1102 (10th Cir.1988) (quoting Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980)). In Chavez, this court held that the admission of evidence of "other acts" which were "related" to the charge on which Chavez was being tried did not provide a basis for habeas relief. As in Chavez, the other act in this case was related to the charges on which Petitioner was tried, i.e., the act was of a similar nature. Under these circumstances, there was no fundamental unfairness in the admission of evidence regarding Petitioner's former rape conviction. See id. at 1102.
 
 II.
 
 10
 Petitioner next argues that the state trial court erred in allowing the prosecutor to comment on the credibility of a prosecution witness during closing argument. The trial transcript indicates that the prosecutor gave his opinion that the testimony of the victim was "very believable." Tr. at 134.
 
 
 11
 Improper remarks by a prosecutor can warrant federal habeas relief if the remarks are so prejudicial that they rendered the trial fundamentally unfair. See Robison v. Maynard, 829 F.2d 1501, 1509 (10th Cir.1987). However, this court in Anaya v. Romero, 627 F.2d 226, 228 (10th Cir.1980), cert. denied, 450 U.S. 926 (1981) specifically held that an isolated comment by a prosecutor vouching for the credibility of a state witness during closing argument does not make a trial so constitutionally infirm as to justify federal habeas relief. In this case, as in Anaya, the prosecutor's comments were an isolated incident. Furthermore, the state trial court, in response to an objection by Petitioner's counsel, expressly cautioned the jury that "a person's opinion is not applicable in this case," and the prosecutor also told the jury to forget his opinion but to use their own judgment. Tr. at 134-35. In light of the de minimis nature of the prosecutor's misconduct and the measures taken to cure the misconduct, Petitioner's trial was not rendered fundamentally unfair by the prosecutor's comment.
 
 
 12
 Next, Petitioner contends that a comment by the prosecutor, regarding his failure to deny the charges while testifying, was tantamount to an improper comment on his Fifth Amendment privilege against self incrimination. See Griffin v. California, 380 U.S. 609, 615 (1965). Petitioner took the stand for the limited purpose of explaining his prior conviction for rape. The prosecutor, during closing argument, stated "you've heard from the defendant in this case. And I want you to mark that there has been no denial. No denial." Tr. at 117. The district court, in denying habeas relief, concluded that the prosecutor's comment "undoubtedly infringed petitioner's constitutional right to remain silent," but "the comment was, beyond doubt, harmless error."
 
 
 13
 We agree with the district court that the prosecutor's comment was improper but constituted harmless error. However, contrary to the district court we conclude that it is the overwhelming evidence of Petitioner's guilt rather than the isolated nature of the comment or the jury's awareness of the limited nature of Petitioner's testimony which renders the comment harmless. See Rose v. Clark, 478 U.S. 570, 579 (1986). ("Where a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed.") The evidence against Petitioner consisted of testimony from the victim and the victim's sister, brother and mother. The testimony of each of the prosecution's witnesses was uncontradicted and placed the victim in the physical custody of Petitioner. The victim's version of events was testified to in detail and has no internal inconsistencies. Also, the victim's version is corroborated by both the testimony of her sister who went to Petitioner's residence looking for the victim and the fact that the police were called immediately after the victim left Petitioner's custody. There is no evidence to suggest that the victim would fabricate her testimony out of self interest. Likewise, there is no evidence to suggest that the victim was influenced or coerced to identify Petitioner as the perpetrator of sexual abuse. Finally, Petitioner failed to raise even a colorable claim of innocence. In light of this overwhelming evidence against Petitioner, the prosecution's comment on his failure to testify was harmless beyond a reasonable doubt.
 
 III.
 
 14
 Petitioner next argues that he received ineffective assistance of counsel because his appointed appellate counsel failed to raise numerous issues in his direct appeal. We review this claim under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). In accordance with Strickland, to prove ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient and that this deficient performance prejudiced petitioner's defense. Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir.1989).
 
 
 15
 First, Petitioner contends that improprieties on the part of the jury should have been raised in his direct appeal. Specifically, Petitioner argues that the jury was observed reading newspapers which carried controversial accounts of rape trials and also that the jury apparently attempted to listen to in camera proceedings during the trial despite their exclusion from the courtroom. Each of these claims fails under the second prong of Strickland. Petitioner's allegations regarding newspapers being read do not charge that the newspapers contained accounts of his trial. Furthermore, the exhibits Petitioner presented to support his newspaper reading claim are copies of articles that do not indicate a date or the name of the newspaper. Thus, Petitioner fails to establish any harm resulting from newspaper reading by the jury.
 
 
 16
 Similarly, the matter being discussed which the jury allegedly eavesdropped on was the propriety of allowing the prosecutor to inquire of a defense witness as to Petitioner's prior rape conviction. The prosecutor was allowed to ask this question, and Petitioner ultimately testified as to its truth. Therefore, as the district court held, even if the jury heard the in camera discussion, Petitioner could not have been prejudiced by the discussion.
 
 
 17
 Next, Petitioner argues that "fundamental errors of law" and the insufficiency of the evidence should have been challenged in his direct appeal. However, Petitioner, fails to identify precisely what he means by "fundamental errors of law." Moreover, Petitioner does not say what elements of the charged offenses were not sufficiently proved by the uncontradicted testimony of the prosecution's witnesses. The burden rests entirely with Petitioner to demonstrate that he was prejudiced by his appellate counsel's performance. Laycock, 880 F.2d at 1187. Because Petitioner has not supplied any facts to substantiate his alleged "fundamental errors of law" or insufficiency of the evidence, his ineffective assistance of appellate counsel claim based on these issues must fail under the second prong of the Strickland test. See id.
 
 
 18
 The final issue Petitioner wanted raised in his direct appeal concerns a double jeopardy argument. According to Petitioner, indecent exposure and lewd acts with a child under fourteen are necessary elements of and lesser included offenses of attempted rape, and his consecutive sentence for attempted rape violated his constitutional guarantee against double jeopardy. However, the record indicates that although this issue was not raised in Petitioner's original appellate brief, a supplemental brief was submitted with this issue and the issue was addressed by the Oklahoma Court of Criminal Appeals in an order denying Petitioner's request for rehearing. The Oklahoma Court of Criminal Appeals, applying the Blockburger test ( Blockburger v. United States, 284 U.S. 299 (1932)), concluded that the Oklahoma legislature intended multiple punishments for Petitioner because the crime of attempted rape required proof of facts that the crimes of indecent exposure and lewd acts did not and, consequently, Petitioner's double jeopardy challenge to his consecutive sentences was without merit.
 
 
 19
 We are bound by the Oklahoma court's conclusion of that state's statutes. In cumulative sentencing situations, such as here, the double jeopardy clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). Where, as here, a state court has determined that the state legislature intended multiple punishments, a federal habeas court must defer to that determination. Birr v. Shillinger, 894 F.2d 1160, 1161 (10th Cir.), cert. denied, 110 S.Ct. 3224 (1990). Because Petitioner received full consideration of his double jeopardy argument by the Oklahoma Court of Criminal Appeals, Petitioner's ineffective assistance of counsel claim alleging a failure to raise the double jeopardy issue is completely meritless.[1]
 
 IV
 
 20
 As his final argument on appeal, Petitioner contends that the district court erred in not conducting an evidentiary hearing. However, the record conclusively establishes that Petitioner is not entitled to habeas relief. Therefore, an evidentiary hearing was not necessary. Hill v. Lockhart, 731 F.2d 568, 572 (8th Cir.1984), aff'd, 474 U.S. 52 (1985).
 
 
 21
 Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In his brief, Petitioner also asserts that the state trial court's refusal to admit testimony on his behalf from a doctor is an issue that should have been raised in his direct appeal. However, there is no indication in the district court record that this argument was ever raised below. Under these circumstances, we need not address this argument. Valley Transit Mix of Ruidoso, Inc., v. Miller, 928 F.2d 354, 356 (10th Cir.1991)